GILLEY ET. AL. *v.* STATE OF INDIANA

[No. 28,526. Filed November 28, 1949.]

*Thurl C. Rhodes* and *William C. Erbecker,* both of Indianapolis, for appellants.

*J. Emmett McManamon,* Attorney General, *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

YOUNG, J.—The appellants in this case were charged by affidavit in two counts, with burglary in the second degree and grand larceny. The case was tried by the court without a jury. The court found for the appellants upon the burglary charge, but found them guilty of petit larceny and sentenced them to terms of from one to five years in the Indiana State Prison.

The only questions before us are whether or not the evidence sustained the finding and judgment from which

this appeal has been taken, and whether the affidavit upon which appellants were prosecuted was sufficient to give the court jurisdiction.

There is no substantial conflict in the evidence. Police officers were called to 1222 Oliver Avenue, Indianapolis, which was an ice cream parlor, also selling cigarettes, pipes, razor blades and other small miscellaneous merchandise. They found the front door broken open. After searching the place and finding no one they observed an automobile immediately across the street, in which the appellants were sitting. The police officer testified both appellants appeared to be asleep. Gilley was the owner of the car and was in the front seat behind the wheel. Perdue was in the rear seat, where the plunder was found. Both had been drinking and there was evidence that earlier in the evening they were seen in a tavern intoxicated. They found 29 packages of cigarettes, 60c in currency, a brown leather money pouch, nine new pipes, a cigarette holder and 46 packages of razor blades on the floor of the car in front of the rear seat. There were about a half dozen packages of cigarettes in the pockets of each of the appellants. The proprietor of the ice cream parlor which had been burglarized testified that pipes, razor blades, cigarettes, money pouch and $32 in odd change had been stolen from his place of business.

The owner of the ice cream parlor identified the merchandise in the back of the car as having been in his store and belonging to him. The appellants claimed to have been asleep and to the police denied all knowledge of the burglary and claimed not to know how the merchandise came to be in their car. A woman living within about 30 feet of where the car was parked across the street from the burglarized store testified that she saw two men run away from the store and across the street to the car and throw something into the back seat of the

car. She said that at the time this was done three men were waiting in the car and that the two men who threw the merchandise in the car ran away and that the men in the car were not the ones she had seen put the merchandise in the car. She said the men in the car were the appellants and a man named Denison. Shortly thereafter the police arrived and when they arrived there were only two men in the car. There was no evidence that any money, other than 60c, was found in the car or upon the appellants at the time they were arrested.

By a motion for discharge, at the conclusion of all the evidence and by a motion for a new trial, appellants contended that the evidence was not sufficient to sustain a conviction. The State relies entirely upon the proposition that the possession of recently stolen property by appellants raised a presumption that the appellants stole it. The rule is that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt. *McAdams* v. *State* (1948), 226 Ind. 403, 81 N. E. 2d 671, 674, 675 and cases cited.

The owner of the property here involved positively identified it as having been taken from his store, and it was found in the automobile occupied by the two appellants only a few minutes after it was stolen.

The circumstance was sufficient to permit the trial court to draw an inference of guilt and convict the appellants. There were other circumstances which might lead to a different conclusion, such as the fact that the appellants did not flee and seemed to be asleep in their car when the officers arrived, and such as the fact that all the money alleged to have been stolen was not found in the possession of the appellants. There was also the testimony of the witness that she saw others place the

stolen merchandise in appellants' car. It was for the court to weigh these other circumstances and this evidence. The court saw the witness and could have disbelieved her, even though her evidence was not contradicted by any other witness. *Neuwelt* v. *Roush* (1949), 119 Ind. App. —, 85 N. E. 2d 506, 514; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474. It was for the court to determine her credibility, in the light of all the other circumstances, not for us, and it was for the court to weigh her evidence and the other circumstances against the possession of the property and reach a conclusion. We will not consider the weight of these other circumstances or the weight of the other evidence, which would be necessary if we were to reverse the case upon this ground.

Appellees contend that their possession of recently stolen property was not such as to justify an inference that they stole it. They contend that possession sufficient to support an inference of guilt must be actual, personal and conscious, citing *Underhill's Criminal Evidence*, § 514, p. 1041 (4th ed.). They point out that the stolen goods were found on the floor in the rear seat of the car and were not in the personal possession of the appellants and that they were not conscious that the goods were in the automobile. In order for possession to be actual and personal, the stolen goods need not be in the arms of the accused. If they are in a place under his control, that is sufficient. In this case, the owner of the automobile was in the car with the stolen goods, even though they were in the rear while he sat in the front seat. The other appellant was in the rear seat with the stolen property at his feet. The two had been together all evening. This possession was sufficiently actual and personal as to both to meet the requirements of the rule which permits an inference of guilt to

be drawn from the possession of recently stolen property. They urge too that they were not in conscious possession because they were asleep. Whether they were asleep or pretending sleep was for the trier of the facts to determine under all the circumstances appearing from the evidence. We are not impressed by this contention of appellants.

Appellants also contend that the affidavit upon which they were convicted is faulty in that, they say, it was not sworn to by the person whose name is subscribed to it. In the body of the affidavit it is stated that one Thomas Naumsek appeared before the prosecuting attorney and, being duly sworn, said upon his oath that the facts stated in the affidavit were true. Thomas Naumsek, however, did not sign the affidavit but it was signed by Chris Naumsek, and, they say that, therefore, it appears that the affidavit was not sworn to by the person who signed it. It appears from the affidavit, however, that immediately following the signature of Chris Naumsek appears the words "Subscribed and sworn to before me this 9th day of October, 1948," followed by the signature of the prosecuting attorney. From this it seems to us clearly to appear that, notwithstanding another name appeared in the body of the affidavit, it was sworn to by the person who signed it and appellants' contention in this respect fails. The discrepancy in the body of the affidavit was one in respect to a defect or imperfection in form only. An amendment to correct it would not have involved a change in the name or identity of the defendant or of the crime sought to be charged. It was one which, under our statute, could have been corrected by amendment at any time, either before or during or after the trial. § 9-1133, Burns' 1942 Replacement; *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763,

766, and cases cited. Such a change was not of matter which was of the essence of the offense and did not prejudicially affect the appellants. If the affidavit could have been amended to correct this discrepancy at anytime before, during or after the trial, appellants could not have been harmed by it and we may treat it as amended.

Certainly this discrepancy or defect could not have affected the jurisdiction of the court or have made the judgment rendered a nullity, as claimed by appellants. The court had general jurisdiction over criminal prosecutions. Such jurisdiction is not dependent upon the sufficiency of, or the lack of defects in, the affidavit. Of course an affidavit must be filed to invoke the jurisdiction of the court, and was filed in this case, wherein this case differs from *Pease* v. *State* (1921), 74 Ind. App. 572, 129 N. E. 337, upon which appellants here lay great stress, and wherein it is stated in the body of the opinion no affidavit was filed. It was merely an unverified complaint.

Appellants, in the case before us, were entitled to have an affidavit, free of defects and discrepancies, but the defect or discrepancy in this case could be waived and did not go to the jurisdiction of the court over the general subject matter of the action, or render the affidavit insufficient to invoke the jurisdiction of the court. Appellants failed to present this matter to the trial court and thereby waived it. They did not move to quash the affidavit or otherwise complain of the discrepancy or defect, to which they now call attention. If they had the affidavit would, of course, have been amended. A party may not, hoping for a favorable result, submit to trial and proceed to judgment without raising an objection to a defect or discrepancy patent on the face of the record and then, having lost, be granted

a new trial by raising the question on appeal. *Brown* v. *State* (1941), 219 Ind. 251, 260, 37 N. E. 2d 73.

The judgment is affirmed.

NOTE.—Reported in 88 N. E. 2d 759.