BRUCK v. STATE OF INDIANA.

[No. 30,436. Filed November 1, 1963.]

*William H. Williamson* and *James A. Colvin,* both of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Carl E. Van Dorn,* Assistant Attorney General, for appellee.

ARTERBURN, J.—The appellant was charged by affidavit with the commission of petit larceny, the taking of a Black and Decker Belt Sander, Model No. 7941, of the value of $78.40, the property of Housewares International, Inc. The trial was by court, resulting in a finding of guilty, and the appellant was sentenced accordingly.

The appellant contends that the evidence is not sufficient to sustain the conviction. Specifically he urges that the corpus delicti was not proved and that there is no proof of the taking of the property in question

by the appellant. The evidence is quite meager in this case. It consists first of the testimony of one O'Connell who stated that he was the manger of Housewares International, Inc., a store handling merchandise of the nature of that involved in this case. He stated that on June 10, 1962 (the date of the alleged larceny) an inventory of the tool section of the store was taken under his supervision, and the particular Black and Decker Belt Sander, Serial No. 7941 was listed in the inventory and was in the possession of the store at the time and that its value was $78.40. There is no evidence of any break-in of the store premises. The manager states he never saw the defendant in his store or near the store premises between the dates of June 10th and June 12th, when a private detective purchased the sander from the defendant at his home, where the defendant maintained a small business in tools as a sideline. The owner of the store has no explanation of how the sander in question disappeared from his premises. Apparently he did not realize it was gone until it was discovered in the possession of the defendant. He answered "no" to the following question:

"Mr. O'Connell has anyone, you or anyone else in your organization, to your knowledge authorized anyone to remove this (the sander) from your company's place of business?"

This question simply means that if there was an authorization, the manager was unaware of it. This does not in any fashion negate the fact that some employee may have disposed of or sold the sander himself. The defendant claims he purchased the sander at an auction. The question arises: Does the unexplained loss or absence of property give rise to an inference of larceny?

The State also urges that the "unexplained exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt." *State* v. *Schroeppel* (1959), 240 Ind. 185, 162 N. E. 2d 683; *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759. It should be noted there must be proof that the property was "stolen" and the possession must be "recent." Serious doubts arise in our mind that the corpus delicti has been proved in this case.

The mere fact that the property is missing, without more, could hardly prove a larceny. There is no evidence of a "break-in" to corroborate any taking nor is there any evidence of the defendant being in the store and having any access to or any opportunity to take the sander involved. There is no evidence linking the defendant with an actual "taking" of the property other than the fact that he had possession of it ten days later. The State did not see fit to bring in the sales clerks from the store to exclude all possibility of a sale or other disposition of the sander. The rule of non-production of evidence, which is within the power of the State to produce, certainly should not aid the State to the extent of raising an inference of guilt. *Hiner* v. *State* (1925), 196 Ind. 594, 149 N. E. 168.

In the case of *Bailey* v. *The State* (1876), 52 Ind. 462, 476, a defendant was charged with the theft of a pair of new shoes which were discovered in his possession. The owner of the store who sold the shoes in the community was unable to say with certainty whether or not the shoes had been stolen or sold from his store. The court said:

"A more difficult question for us to decide is, does the evidence fairly sustain the verdict? We

must adhere firmly to the principle of law, that the possession of property alleged to have been stolen is not a presumption of guilt against the possessor, unless a previous larceny of the property is established by proof; and the presumption of guilt will not arise until the larceny is proved by some proper evidence. In this case the evidence, aside from the conduct of the appellant, tends only very slightly to prove a larceny of the shoes. The condition of Moffett, the owner of the shoes, was such, at the time, that he might very easily have mislaid, forgotten, or lost them, without remembering anything about them; and the same condition would make it very easy for any one to steal the shoes from him without his knowledge. But the conduct of the appellant, after he had obtained possession of the shoes, is open to very grave suspicions."

In the case before us we have no conduct on the part of the appellant to arouse any suspicion, other than possession. In fact, the appellant's evidence is that he purchased the sander in question at an auction. This was uncontradicted, although we grant the jury may not have chosen to believe his story.

In *Osborn* v. *State* (1926), 199 Ind. 44, 154 N. E. 865, nineteen new automobile tires were missing from a garage. When the premises where the defendant lived were searched and when the tires were discovered hidden thereon, the defendant escaped from the officers and was not found for a number of days later. In that case the court said there was sufficient corroborating evidence to raise a presumption of guilt.

The principle involved here is generally stated as follows:

"The unexplained exclusive possession of stolen goods shortly after the commission of a larceny may and often will be sufficient evidence, however, to justify a jury in finding the possessor

guilty, although this presupposes that sufficient *additional circumstances* are not evidence to establish the fact that the larceny charged which was committed and that the goods in question were stolen therein." (our italics) 32 Am. Jur., §140, pp. 1052, 1053.

In *State* v. *Schroeppel* (1959), 240 Ind. 185, 162 N. E. 2d 683, tracks in the snow leading to defendant's home were "additional facts" or corroborating circumstances which pointed to the guilt of the defendant in the possession of the property.

In *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759, there was evidence of a break-in which proved the corpus delicti, and in addition the defendant was found in possession of numerous items that were missing from the store.

In *Rosenberg* v. *State* (1922), 192 Ind. 485, 489, 134 N. E. 856, 857, an automobile was stolen within forty minutes after it was parked on the street. The defendant thereafter was found driving the automobile. Testimony by the State in that case excluded all possibility that any one at the time could have lawfully taken the automobile. The court in that case said:

> "To support a conviction there must be evidence that the property in question was actually stolen. The *corpus delicit* in larceny, like other facts in general, may be established by circumstantial evidence. While the unexplained possession by one person of the goods of another is not of itself sufficient to prove that a larceny has been committed, yet such fact in connection with the other circumstances, may be sufficient for that purpose." To the same effect see: *Mason* v. *State* (1908), 171 Ind. 78, 85 N. E. 776.

In the recent case of *Lawrence* v. *State* (1963), 244 Ind. 305, 192 N. E. 2d 629, the defendant was charged

with a larceny of numerous articles taken from a residence. There was evidence of the break-in. The defendant was arrested shortly thereafter driving a car in which the missing items were found. We held that his unexplained possession of the stolen property was sufficient under the circumstances for the jury to infer guilt. In that case the corpus delicti, namely, the unlawful taking or burglary, was proven upon which the inference of guilt could be drawn, based upon the unexplained exclusive possession of the recently stolen property.

The case before us is distinguishable from *Green* v. *State* (1960), 241 Ind. 96, 168 N. E. 2d 345 and *Mims* v. *State* (1957), 236 Ind. 439, 140 N. E. 2d 878. In the latter case there was evidence that jewelry recently stolen was scattered along the highway within 500 feet of the point where the defendants were arrested in a car. The defendants were also identified. In *Green* v. *State, supra,* the corpus delicti, namely burglary, was established without question. The refrigerator, the subject of the burglary, was found shortly thereafter in the exclusive possession of the defendant.

In this case we fail to find any "additional facts" or corroboration pointing to a guilty possession of the property. There is no evidence of concealment on the part of the defendant in this case. In the light of his explanation, there is no evidence of suspicious conduct on his part. There is no showing that he was indolent or reputed to be a common thief. The defendant took the stand and testified. There is no evidence of any prior convictions nor arrests for any criminal offenses. There was no rebuttable evidence to nullify or weaken his explanations. There is no evidence of any trespass by the defendant on the property of the alleged owner.

There is no evidence of an asportation or illegal taking from the owner such as to exclude all reasonable possibility that it could have legally been disposed of or taken illegally by some person other than the defendant. Were the evidence here held sufficient to support a larceny conviction, any one found in possession of merchandise from a store could be held guilty of larceny without any proof of an unlawful taking.

We will not weigh the evidence on appeal, but we will review it for the purposes of deciding, as a question of law, whether or not the evidence establishes the essential elements for a conviction. Neither the bare possibility of guilt, nor mere suspicion alone, is sufficient to warrant a conviction of larceny. There must be evidence of probative value upon each essential element of the crime charged to sustain a conviction. The evidence in this case fails to prove the corpus delicti, namely, a larceny. It is only upon such independent evidence of a larceny, first proved, that one may raise an inference of guilt from the possession of stolen property.

The judgment of the trial court is reversed, with directions to grant a new trial.

Myers, C. J., and Landis and Achor, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 193 N. E. 2d 491.