BOLTON AND WILLIAMS *v*. STATE OF INDIANA.

[No. 369S39. Filed September 15, 1970. No petition for rehearing filed.]

*George T. Popcheff*, of Indianapolis, for appellant, Fred A. Bolton.

*William T. Laswell, Michael T. Dugan II*, of Indianapolis, for appellant, Michael Allen Williams.

*Theodore L. Sendak*, Attorney General, *Murray West*, Deputy Attorney General, for appellee.

GIVAN, J.—Appellants were convicted of the crime of theft as defined in Burns Ind. Stat., 1969 Supp., § 10-3030 on a plea of not guilty submitted to the court without a jury.

The Appellant Williams was sentenced to the Indiana State Reformatory for a term of not less than one nor more than ten years, and the Appellant Bolton was sentenced to the Indiana State Prison for not less than one nor more than ten years.

The evidence in the case was as follows:

On or about November 9, 1966, a Bolens Husky Model 1050 Tractor with snow plow was reported missing from a garage occupied by Indiana Credit League located at 2719 Arlington Avenue in Indianapolis. A window in the garage had been broken and a chain that fastened the tractor to the concrete floor had also been broken. There was testimony that the owners did not give permission to either of the appellants to exercise control over the tractor. Shortly after the tractor was taken, a relative of the appellants informed one Arthur Sanders that appellants had a tractor for sale.

Sanders testified that "around the middle of November of 1966" he met the appellants at a house trailer in Lawrence. At that time he discussed the sale of the tractor with the appellants and with one other man who accompanied them. A price of $300 was agreed upon and three men, including both the appellants, accompanied Sanders to the place where the tractor was stored in the 2600 block on Arlington Avenue.

Appellants and Sanders loaded the tractor in Sanders' truck and $300 was accepted from Sanders in payment for the tractor.

Appellants' first assignment of error is that the decision of the trial court was not sustained by the evidence in that the State failed to prove that the defendants ever had possession of the tractor. Appellants cite several authorities which hold that "mere presence" of the defendants in regards to the property in question does not constitute possession. We agree with this general proposition of law; however, in the case at bar the evidence demonstrates far more than "mere presence" of the defendants concerning the stolen property. They had entered into a discussion with Mr. Sanders concerning the price to be paid for the tractor, had gone with him to its place of storage, removed it from a building, placed it on his truck and accepted $300 from Mr. Sanders in payment for the tractor. We cannot accept the appellant's position that they were merely present at a location where a stolen tractor was kept. We hold that the evidence was sufficient to sustain a finding by the trial court that the appellants were in exclusive possession of the tractor after it had been stolen. This Court has previously held that exclusive possession of property shortly after it has been stolen is a circumstance to be considered by the trier of fact that those in possession are guilty of having committed the theft. *Durrett* v *State* (1967), 249 Ind. 12, 230 N. E. 2d 595, 11 Ind. Dec. 593.

Appellants' second assigned error is that the finding and decision of the trial court was not sustained by the evidence in "that mere possession of stolen goods will not give grounds in itself for conviction for theft, but must be coupled with other evidence showing that the defendants did in fact commit the theft."

It is the contention of the appellants there was no evidence that they in fact committed the theft of the tractor and that their later possession of it was not close enough in time to

warrant an inference that they had committed the theft. In support of this proposition the appellants cite *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45, 12 Ind. Dec. 22, and *Bruck* v. *State* (1963), 244 Ind. 466, 193 N. E. 2d 491, 2 Ind. Dec. 291. However, there is a marked difference between the facts in each of the above cases and the facts in the case at bar.

In the *Finch* case the appellant had been convicted of burglary of a meat market, and when arrested some nine and one-half hours after the time of the burglary was in possession of meat and cigarettes. However, the Court pointed out that the State never established that the meat and cigarettes in the possession of the appellant were goods that were taken from the store, nor did the Court find that there was sufficient evidence to establish that the appellant had committed the breaking necessary to prove the burglary.

In *Bruck* the Court pointed out that there was no evidence of a break in to corroborate any taking nor did the State produce any evidence from the owners to exclude the possibility of a sale or other disposition of the merchandise. In the absence of this evidence the Court ruled that the non-production of evidence which was within the State to produce, caused the State to fail in raising any inference of guilt. For that reason the Court refused to apply the rule of exclusive possession in that case.

In the case at bar, however, as above set out the State proved a felonious taking of the tractor and produced affirmative evidence that the owners had not given permission to either of the appellants to exercise control over the tractor. The tractor was stolen on the 9th of November. Shortly thereafter, the exact time is not stated, one Sanders Postle, a relative of Appellant Bolton, contacted Mr. Sanders at his place of employment and told him the defendants had a tractor for sale, after which Mr. Sanders contacted the appellants and made the purchase above described. The entire transaction according to the evidence was completed by the

middle of November. We hold that the State had made its prima facie case before the trial court when it presented evidence of exclusive possession in the appellants shortly after the theft of the tractor. The weight of this evidence was to be determined by the trier of fact and not by this Court. At the point in the trial when the State had made its prima facie case, if the appellants had evidence which would have explained their possession, it was their privilege to present the same. In the absence of such explanation, the trier of fact was entitled to believe the evidence presented by the State in making its prima facie case. (See *Durrett, supra.*)

The appellants also state that since there was more than one person present at the time the transaction was made selling the tractor to Mr. Sanders and that Sanders could not remember which man accepted the $300, the trier of fact had no evidence to establish which one of the persons present actually had guilty knowledge concerning the theft of the tractor. We see no application of this argument for at the time the sale was made to Sanders those present were obviously acting in concert one with the other. The law in Indiana is well established that an accessory to a crime may be prosecuted as a principal. Burns Ind. Stat., 1956 Repl., § 9-102. From the circumstances presented by the evidence the trial court had ample evidence before it from which to find that the appellants had equally participated in the theft and the sale of the tractor.

The trial court is, therefore, affirmed.

Hunter, C.J., and Arterburn, J., concur; Jackson, J., dissents with opinion in which DeBruler, J., concurs.

## Dissenting Opinion

JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto.

This is an appeal from the judgment of the Marion Criminal Court, Division 1, wherein the appellants were convicted of the

crime of theft as defined by Acts 1963 (Spec. Session), ch. 10, § 3, p. 10, being Ind. Ann. Stat. § 10-3030 (1969 Supp.).

The affidavit charging the appellants with the offense reads, in pertinent part, as follows:

"BE IT REMEMBERED, That, on this day before me, NOBLE R. PEARCY Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came JOHN E. FERGUSON who, being duly sworn, upon his oath says that FRED A. BOLTON, ADRON EUGENE BULLINGTON and MICHAEL A. WILLIAMS on or about the 8th day of NOVEMBER, A.D. 1966, at and in the County of Marion in the State of Indiana, committed the crime of theft in that they knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property of INDIANA CREDIT UNION LEAGUE, INC., a corporation, to-wit: ONE (1) BOLENS HUSKY MODEL 1050 TRACTOR WITH SNOW PLOW ATTACHMENT, of the value of ONE THOUSAND FIVE HUNDRED DOLLARS ($1,500.00), intending to deprive INDIANA CREDIT UNION LEAGUE, INC., a corporation, permanently of the use and benefit of said property, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On January 17, 1968, the appellants waived arraignment and pleaded not guilty. On December 5, 1968, the appellants were tried to the court, and found guilty as charged. Thereafter the appellant Williams was sentenced to the Indiana State Reformatory for a term of not less than one (1), nor more than ten (10) years, and costs, appellant Bolton was sentenced to the Indiana State Prison for not less than one (1), nor more than ten (10) years, and costs.

On December 26, 1968, the appellants filed their motions for a new trial in which they alleged that the decision of the trial court was contrary to law, and not sustained by sufficient evidence. The trial court overruled these motions on January 3, 1969. On appeal the appellants' sole assignment of error is that the trial court erred in overruling their motions for a new trial.

From the evidence adduced at trial, it appears that on or about November 8, 1966, a Bolens Husky Model 1050 tractor with snow plow was reported missing from a garage of the Indiana Credit League located at 2719 Arlington Avenue in Indianapolis. The tractor was recovered sometime in the middle of April, 1967, from a witness who testified that he purchased the tractor from the appellants.

According to the witness' testimony, he learned from a person with whom he worked that some people had a tractor for sale. He went to the address given him by his co-employee and there met the appellants and one other person. He conversed with the three for a short time, and during the course of the conversation he agreed to purchase the tractor for $300.00. The witness could not identify either of the appellants as the person with whom he made the agreement. Instead, he stated that the four of them generally discussed the transaction. The witness then testified that the four of them drove to the 2600 block of Arlington Avenue to get the tractor which was being kept in a garage at that location. The appellant Bolton rode over in the witness' truck, and the other two followed in a car. After the tractor was loaded into the truck the witness paid one of the three men the $300.00 previously agreed upon. However, the witness stated that he was unable to identify the person to whom he paid the money. Finally, the witness testified that the transaction took place sometime in the middle of November, 1966.

The statute under which the appellants were charged is § 10-3030, *supra,* which reads in pertinent part as follows:

"10-3030. Theft in general.—A person commits theft when he (1) *knowingly:*

(a) obtains or exerts unauthorized control over property of the owner; or

\* \* \* \*

(2) either:

(a) intends to deprive the owner permanently of the use and benefit of the property; or

(b) uses, conceals or abandons the property in such manner as knowingly to deprive the owner permanently of such use or benefit; or

(c) uses, conceals or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit." (Emphasis added)

This appeal challenges the sufficiency of the evidence to sustain the verdict of the trial court. Where the issue of the sufficiency of the evidence is raised, we are bound by our rules of appellate review to consider only that evidence most favorable to the appellee together with all reasonable, logical and permissible inferences which may be drawn therefrom. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. Moreover, where the evidence is in conflict we cannot weigh the evidence or determine the credibility of the witnesses. *Lambert* v. *State, supra; McGill* v. *State, supra.*

In the case at bar, the burden was on the State to prove beyond a reasonable doubt that the appellants *"knowingly"* obtained or exerted unauthorized control over the property of another with the intent to permanently deprive the owner of the use and benefit of the property. The only evidence offered by the State to prove the charges against the appellants was that the appellants arranged for the sale of the allegedly stolen property at a date sometime after the property was reported missing. The evidence was therefore circumstantial requiring the trier of fact to infer from the arrangement of the sale that the appellants committed theft as defined by § 10-3030, *supra.*

In *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, cited with approval in *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, and *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795, this Court said:

"Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and

compelling in character that it *excludes every reasonable hypothesis of the assumption of innocence of the defendant.*" (Emphasis added) 228 N. E. 2d 6, 10-11

In *Manlove* v. *State, supra,* this Court said:

"Thus it is clear that where the evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is *not sufficiently persuasive* to allow *a reasonable man* to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand." (Emphasis added) 232 N. E. 2d 879.

In *Crawford* v. *State, supra,* this Court, quoting from *Easton* v. *State, supra,* and *Baker* v. *State* (1956), 236 Ind. 55, 138 N. E. 2d 641, said:

"If the evidence merely tends to establish a suspicion of guilt it is not sufficient to sustain a conviction." 241 N. E. 2d 795, 797.

Therefore, since the evidence in the case at bar is wholly circumstantial, it is our duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of the assumption of innocence of the appellants, and whether it merely tends to establish a "suspicion of guilt" without more.

As was stated above, the only evidence offered by the State to establish the guilt of the appellants beyond a reasonable doubt was the testimony that the appellants arranged for the sale of the property at a date sometime after the property was reported missing. There were no additional facts or circumstances put in evidence by the State to prove the appellants guilty of the alleged crime.

While it is true that an inference of guilt may be drawn from the unexplained, exclusive possession of recently stolen property, *Bruck v. State* (1963), 244 Ind. 466, 193 N. E. 2d 491, we cannot say that the permissible inference which may. be drawn from the scanty evidence in the case at bar is sufficient, standing alone as it does, to prove the appellants or either of them guilty of theft beyond a reasonable doubt.

In *Bruck* v. *State, supra,* this Court said, "It should be noted that there must be proof that the property was 'stolen' and the possession must be 'recent'." In *Bruck,* which we reversed on the basis of insufficiency of the evidence, the appellant was found in possession of property some ten days after the property was reported missing. Here, there was clearly a lapse of several days time since the tractor was reported missing on November 8, 1966, while the sale transaction involving the appellants did not take place until the "middle" of November, 1966. In the case at bar, therefore, possession was not "recent" in the same sense that it was in *Gilley* v. *State* (1949), 227 Ind. 701, 88 N. E. 2d 759, where the appellants were apprehended with the stolen property within a few minutes after it was stolen.

Moreover, there is no evidence to show that the allegedly stolen tractor in the case at bar was in the "exclusive possession" of the appellants. The State's witness testified that the tractor was in a garage located some distance from the trailer where he met the appellants. There is absolutely no evidence as to who owns the garage. Moreover, there is no evidence as to how the tractor found its way into the garage. There is absolutely no evidence to show that the appellants had ever been in or near the garage either before or after the transaction in question. There is therefore a total failure of proof as to whether the tractor was in the "exclusive possession" of the appellants.

Finally, the statute defining the offense of theft, § 10-3030, *supra,* requires that the proscribed conduct be entered into "knowingly." In the case at bar, there is absolutely no evidence that either one or both of the appellants *knowingly* obtained or exerted unauthorized control over the tractor. There is here no showing that possession was "exclusive" in either or both of the defendants, or the third person who was present at the trailer. Further, the State's witness was unable to identify which of the three persons present at the trailer offered to sell the tractor, nor could he identify the person to

whom he paid the money. Indeed, it is entirely reasonable to suppose that any one or more of the three innocently volunteered their help in loading the tractor onto the truck.

To say that the appellants in the case at bar were proven guilty beyond a reasonable doubt would be to allow them to be convicted of a crime on the basis of their associations with other people. Here, the meager evidence may give rise to an inference of *someone's guilt.* However, the evidence fails to establish who that someone is. To allow a group of people to be convicted of a crime merely because an inference exists that one or more of the members of the group committed the crime is completely alien to our Anglo-Saxon criminal jurisprudence which requires that *each* defendant be proven guilty beyond a reasonable doubt.

In the case at bar, we cannot say that the circumstantial evidence is "* * * so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the defendant." *Easton* v. *State, supra,* at 228 N. E. 2d 6, 10-11. Indeed a very reasonable hypothesis which may be drawn from the evidence is that either one or both of the appellants were merely helping a friend load a tractor onto a truck. Thus, applying the rule of law set out in *Manlove* v. *State, supra,* the "* * * evidence is not sufficiently persuasive to allow *a reasonable man* to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand." Id. at 879.

Finally, at most the evidence in the case at bar merely raises a suspicion of the appellants' guilt. Since the evidence merely tends to establish a suspicion of guilt it is insufficient to sustain a conviction. *Crawford* v. *State, supra; Easton* v. *State, supra; Baker* v. *State, supra.*

The judgment of the trial court should be reversed with instructions to grant the appellants' motion for a new trial.

DeBruler, J., concurs.

NOTE.—Reported in 261 N. E. 2d 841.