IRVING FREELING *v*. STATE OF INDIANA.

[No. 2-374A67. Filed December 31, 1975.]

*Richard A. Clem,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

WHITE, J.—Tried without jury, appellant Freeling was convicted of theft and appeals from a judgment sentencing him to imprisonment for one to ten years. Finding the evidence sufficient to prove the material elements of the crime charged, we affirm.

## I.

The affidavit on which Freeling was tried bears this title: "Amended Affidavit for O.A.P.A. Possession of Stolen Property". In pertinent part, the body of the affidavit alleges that Freeling

> "committed the crime of theft in that he knowingly, unlawfully and feloniously obtained and exerted unauthorized control over property of Joan M. Rayford to-wit: .22 caliber Colt pistol, of the value of One Hundred and Nineteen dollars ($119.00), intending to deprive Joan M. Rayford of the use and benefit of said property, . . . ."

At the trial the only evidence was that presented by the State. There are no conflicts in the statements of the witnesses.

On March 29, 1972, the home of Joan Rayford, a City of Indianapolis police officer, was burglarized during her absence. The burglar or burglars took two portable TV sets, two firearms, and a small amount of currency. On April 3, 1972, defendant-appellant Freeling, a trash scavenger, and his helper ("Odel" or "Odel Ruffin") were picking up trash at a trucking firm. At that time Freeling sold and delivered two TV sets and two guns to one David Paul Neal, an employee of the trucking firm, who gave Freeling his personal check for $210.00. One of the guns was introduced into evidence and was identified as one of the guns taken in the burglary. There was never any description or identification, nor attempt to describe or identify, the other gun or the two TV sets, nor was there any testimony, or attempt to elicit testimony, as to whether the other gun and the two TV sets sold to Neal were also those which were stolen in the burglary.

Neal testified that the price he paid for the gun in evidence was $50.00; that $110.00 was paid for the rest of the goods purchased; and that Freeling gave him $50.00 in cash. Neal also testified that he had seen pistols like it in a sporting goods store and that "a pistol like that costs . . . [a]t that time about One Hundred Twenty Dollars. . . ."

An expert witness, a gun salesman in a sporting goods store, testified that the gun in evidence was "a Kansas Statehood Centennial, manufactured by Colt in 1961, the third centennial model, the third commemorative model they put out, [.]22 caliber, six cylinder single action revolver", which sold for $75.00 in 1961, and was worth $150.00 on the date of the burglary.

When the State rested, Freeling's attorney orally moved "for a finding of not guilty at the end of the State's case for the reason that the State of Indiana has failed to make a

*prima facie* case of ·OAPA, possession of stolen. property."
The issue of the short argument between counsel· was whether
the evidence was sufficient to sustain ·the inference that the
property was stolen by *another*. The motion was overruled.

Freeling presented no evidence. He was found "guilty· as
charged" and sentenced to a term of 1-10 years·(indicating
the judge found the pistol to be worth at least $100.00; al-
though the record contains no express· finding ·of value).·

## II.

Freeling makes two inconsistent arguments to the effect
that the evidence is insufficient to sustain his conviction:

Argument A: That he was charged with and convicted of
violating Ind. Ann. Stat. § 10-3030(1)(f), (2)(a) (Burns
1974 Supp.), i.e., "Possession of Stolen Property", but that
the evidence is insufficient to sustain a finding that he acted
with knowledge that the pistol was *stolen* by *another*.

Argument B: That he was charged with and convicted of
violating Ind. Ann. Stat. § 10-3030(1)(a), (2)(a) (Burns
1974 Supp.), i.e., that he knowingly obtained and exerted
unauthorized control over property of the owner intending to
deprive the owner of its use and benefit, but that "the evidence
which was presented at the trial tended to prove (at the
most) that the appellant was guilty of receiving stolen prop-
erty as defined in" § 10-3030(1)(f), (2)(a).

Whether we affirm or reverse depends on our answers to two
questions:

1. Under which subsections of § 10-3030 (which is also
IC 1971, 35-17-5-3) is Freeling charged?

2. Is the evidence sufficient to prove every essential element
of the crime charged?

## III.

Freeling states no reason for his contention (Argument A)
that he was charged with possession of stolen property· as

defined in subsections (1)(f) of § 10-3030. His apparent reasons, however, are: (1) the caption of the amended affidavit recites that it is "for O.A.P.A.[1] Possession of Stolen Property" and (2) the transcript of the trial proceedings reveals that both the trial deputy prosecutor and Freeling's trial attorney considered the charge to be "receiving stolen property", as specifically defined by § 10-3030(1)(f) and (2)(a). Nevertheless, a comparison of the allegations in the body of the affidavit with the language of the statute clearly reveals that the charge alleged is laid under subsections (1)(a) and (2)(a).

The charging allegations of the affidavit are quoted *ante* in the first paragraph of part I. The pertinent provisions of the statute are:

"10-3030. Theft in general.—A person commits theft when he (1) knowingly:

(a) obtains or exerts unauthorized control over property of the owner; or

\* \* \*

"(f) obtains control over stolen property knowing the property to have been stolen by another, which knowledge may be inferred from the possession of such stolen property, wherever the theft may have occurred; or

\* \* \* and

"(2) either:

"(a) intends to deprive the owner of the use or benefit of the property; or

\* \* \*"

It was held in *Howard* v. *State* (1879), 67 Ind. 401, 403, "that the description of the offense, in the body of the indictment, must prevail over and control the description given in the title of the indictment." Furthermore, there is no suggestion in the record that Freeling was in any way prejudiced by the discrepancy between the title and the body of

1. "O.A.P.A." is an abbreviation of "Offenses Against Property Act", the official name of chapter 10, Acts of 1963 (Spec. Sess.), of which § 10-3030, IC 1971, 35-17-5-3, is section 3.

the affidavit or by his trial counsel's, and the State's trial counsel's, reliance on the title rather than the body of the affidavit for the description of the offense charged.

We therefore hold that Freeling was charged with and convicted of a violation of § 10-3030(1)(a) and (2)(a). The question of whether the evidence is sufficient to sustain the conviction must be measured by the provisions of those subsections of § 10-3030.

## IV.

Freeling's brief states that he "does not contend that he had not obtained control over the firearm, nor does he contend that the property had not been stolen, and the fact that the weapon was sold to Mr. Neal would tend to prove that there was an intent to deprive the owner permanently of the use and benefit of this firearm." He does contend, however, that "[t]here was no evidence presented, whatsoever, which would tend to show that [he] actually stole the firearm from Mrs. Rayford, although [if the affidavit charges him under § 10-3030(1)(a) and (2)(a)] that is the crime for which he was charged".

The state concedes that there is no direct evidence as to how or when Freeling came into control of the pistol but relies on *Hart* v. *State* (1972), Ind. App., 285 N.E.2d 676, 681[2] and *Bolton* v. *State* (1970), 254 Ind. 648, 652, 261 N.E.2d 841, 842, to sustain its argument that Freeling's possession and sale of the pistol for less than its full value only five days after it was stolen is sufficient circumstantial evidence to sustain the inference that Freeling's control of the pistol was with knowledge that it was stolen.

The *Bolton* affidavit, as does the affidavit at bar, charged defendants with theft under § 10-3030(1)(a). Also in *Bolton*, as at bar, there was no direct evidence that defendants committed the burglary in which the property (a tractor) was

2. Subsequently reversed on other ground. *Hart* v. *State* (1973), 260 Ind. 137, 292 N.E.2d 814.

stolen, or that they knew it was stolen. Nevertheless, the majority opinion stated:

"We hold that the State had made its prima facie case before the trial court when it presented evidence of exclusive possession in the appellants shortly after the theft of the tractor.[3] The weight of this evidence was to be determined by the trier of fact and not by this Court. At the point in the trial when the State had made its prima facie case, if the appellants had evidence which would have explained their possession, it was their privilege to present the same. In the absence of such explanation, the trier of fact was entitled to believe the evidence presented by the State in making its prima facie case. (See Durrett, supra. [(1967), 249 Ind. 12, 230 N.E.2d 595, 11 Ind. Dec. 593])" 254 Ind. at 652.

In *Durrett* v. *State, supra,* the charge was *larceny,* the property (earrings) having been stolen prior to the effective date of the Offenses Against Property Act. On the same day that the owner discovered the theft (there was no evidence of the date of the theft) the defendant pawned the earrings. This was the only evidence connecting him with the earrings or tending to connect him with the place they were stolen or with the stealing. The court nevertheless found the evidence sufficient saying:

"It is urged that there is no proof of how the appellant obtained the jewels, since there was no evidence that he was employed by Mrs. Siska or was ever in the Siska residence. However, the fact is conclusively shown that he did get possession of the jewelry shortly after the theft was discovered.

"'Exclusive possession of property shown to have been stolen shortly after the larceny, unquestionably is a circumstance to be considered by the jury, and if the proof is made that such larceny was recently committed and there is no evidence to explain the possession of the defendants, a larceny conviction based on such evidence will be sustained on appeal.' *Mims et al.* v. *State* (1957) 236 Ind. 439, 444,

---

3. The exact time elapsed between the theft and the time the *Bolton* appellants were shown to be in possession of the stolen tractor was not shown by the *Bolton* evidence, but may have been as much as four or five days. (See 254 Ind. at 651 and 657.)

140 N.E.2d 878, 880; *Gilley et al.* v. *State* (1949), 227 Ind. 701, 88 N.E.2d 759.

"Some argument is made in the brief that the defendant has no burden of proof in a criminal case. We have here no such question before us. In every successful criminal prosecution there usually comes a time when the State establishes a *prima facie* case, giving consideration to all legitimate and reasonable inferences that may be drawn from the facts presented, which proves beyond a reasonable doubt that the defendant is guilty. At that point, unless the defendant sees fit to come forward with proof to rebut the *prima facie* case and convince the jury he is innocent, the jury, from the evidence presented to it may convict the defendant. It appears to us that was the circumstance here. The State presented such a case. It thereby sustained the burden of proof. The defendant failed to offer any explanation that convinced the jury."

The pistol was stolen from Officer Rayford's home on March 29, 1972. Five days later, April 3, 1972, it was in the exclusive possession of Freeling who then sold it (or pledge it) to Neal. Under the authorities cited and quoted, proof of those facts is *prima facie* proof that Freeling "committed the crime of theft in that he knowingly . . . obtained and exerted unauthorized control over . . . [the] pistol . . . intending to deprive . . . Rayford of the use and benefit of said property", as charged. Since that *prima facie* case was unrebutted, it was legally sufficient to convince the trial judge beyond a reasonable doubt that Freeling was guilty as charged.

The judgment is affirmed.

Sullivan, P.J. and Buchanan, J., concur.

NOTE.—Reported at 338 N.E.2d 644.