## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 19 2016, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott Knierim
Danville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Paula J. Beller
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christa Spinks, *Appellant-Defendant,* | December 19, 2016 |
| v. | Court of Appeals Case No. 32A04-1605-CR-1165 |
| | Appeal from the Hendricks Superior Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Stephanie Lemay-Luken, Judge |
| | Trial Court Cause No. 32D05-1507-F6-535 |

**Barnes, Judge.**

## Case Summary

Christa Spinks appeals her conviction for Level 6 felony theft. We affirm.

## Issue

The sole issue before us is whether there is sufficient evidence to sustain Spinks's conviction.

## Facts

The evidence most favorable to the conviction is that, on July 13, 2015, Spinks was employed at an Ace Hardware store in Brownsburg. At the completion of her shift at 5 p.m. that day, Spinks's father picked her up and drove her to Hendricks County Estate Buyers, which is a "buy sell shop." Tr. p. 105. Justin Briggs owns that shop, and it is located about one block away from the Ace Hardware. Spinks carried a yellow bag into the shop. The bag contained a DeWalt rechargeable drill with two batteries and a charger and two Craftsman wrench sets. The items appeared to be brand new. Briggs gave Spinks between $100 and $200 in cash for the items. At retail, the drill normally sold for $239.99; the batteries, $99.99 each; the charger, $69.99; and the wrench sets $29.99 each.

Briggs immediately suspected that the items Spinks had brought in were stolen from the Ace Hardware. At approximately 5:15 p.m. on the same day, Briggs called Skylar Stevenson, the owner of the Ace Hardware, and asked Stevenson if he was missing any items from inventory. Stevenson confirmed that a DeWalt drill, two batteries, a charger, and two sets of Craftsman wrench sets

were missing from inventory. The SKU numbers on the items Briggs purchased from Spinks matched the numbers for the items missing from Stevenson's inventory, although the SKU numbers were not necessarily unique to the Brownsburg Ace Hardware store.

Officer Cory Sears of the Brownsburg Police Department spoke with Spinks about the items she sold to Briggs. She told Officer Sears that the items had been in her living room for an unknown amount of time. However, Briggs told her father that she found the drill in a dumpster.

The State charged Spinks with Class A misdemeanor theft and Level 6 felony theft, based on a prior theft or conversion conviction. After a jury trial, Spinks was found guilty of Class A misdemeanor theft. Spinks waived jury trial with respect to the Level 6 felony charge. The trial court found Spinks guilty of that charge and entered judgment and sentenced her accordingly on that charge only. Spinks now appeals.

## Analysis

Spinks contends there is insufficient evidence to support her theft conviction. When addressing a claim of insufficient evidence, we must consider only the probative evidence and reasonable inferences supporting the conviction. *Sallee v. State*, 51 N.E.3d 130, 133 (Ind. 2016). It is the fact-finder's role, not ours, to assess witness credibility and weigh evidence to determine whether it is sufficient to support a conviction. *Id.* "It is not necessary that the evidence 'overcome every reasonable hypothesis of innocence.'" *Id.* (quoting *Moore v.*

*State*, 652 N.E.2d 53, 55 (Ind. 1995)). "'[E]vidence is sufficient if an inference may reasonably be drawn from it to support the verdict.'" *Id.* (quoting *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007)). However, "[e]vidence sufficient only to establish a mere suspicion of guilt is not sufficient to support a conviction." *Id.* at 135.

[8] Spinks specifically asserts there is insufficient evidence that she took the items from the Ace Hardware or that she knew they were stolen when she sold them to Briggs. In order to convict Spinks of theft, the State was required to prove that she knowingly or intentionally exerted unauthorized control over property of Ace Hardware, with intent to deprive Ace Hardware of any part of the property's value or use. *See* Ind. Code § 35-43-4-2(a).[1] Spinks's argument goes to lack of mens rea or intent.

[9] Spinks relies heavily upon *Fortson v. State*, 919 N.E.2d 1136 (Ind. 2010). In that case, the defendant was driving a truck that had been reported stolen about six or seven hours before he was pulled over by police and arrested. There was a passenger in the truck who was allowed to go free. The defendant denied having stolen the truck and claimed it had been loaned to him by another person, but police did not ask who the other person was. The State charged the defendant with receiving stolen property, and he was convicted of that offense.

---

[1] The offense is elevated from a Class A misdemeanor to a Level 6 felony if a defendant has a prior unrelated conviction for either theft or criminal conversion. I.C. § 35-43-4-2(a)(1)(C). Spinks makes no argument regarding the elevation of her offense.

On appeal, our supreme court reversed the conviction for insufficient evidence. *Fortson*, 919 N.E.2d at 1143-44.  In doing so, although the case involved a conviction for receiving stolen property and not theft, the court took the opportunity to discard the rule allowing for a theft conviction to be supported solely by the defendant's unexplained possession of recently stolen property.  *Id.* at 1143 (overruling *Bolton v. State*, 254 Ind. 648, 261 N.E.2d 841 (1970)).  The court further explained:

> That is to say, the mere unexplained possession of recently stolen property standing alone does not automatically support a conviction for theft.  Rather, such possession is to be considered along with the other evidence in a case, such as how recent or distant in time was the possession from the moment the item was stolen, and what are the circumstances of the possession (say, possessing right next door as opposed to many miles away).  In essence, the fact of possession and all the surrounding evidence about the possession must be assessed to determine whether any rational juror could find the defendant guilty beyond a reasonable doubt.

*Id.*  The court also noted that, knowledge that property is stolen may be established by circumstantial evidence.  *Id.* (quoting *Barnett v. State*, 834 N.E.2d 169, 172 (Ind. Ct. App. 2005)).

Here, there is no direct evidence that Spinks knew the property she sold to Briggs had been stolen, such as eyewitness testimony or security camera footage of her stealing the property or a confession to that effect.  However, *Fortson* explicitly does not require such direct evidence.  And, we readily conclude there are more pieces to the puzzle here than were present in *Fortson*—enough pieces

to prove beyond a reasonable doubt that Spinks was guilty of theft. Within fifteen minutes of completing her shift at Ace Hardware, Spinks sold items to Briggs at his store about a block away from the Ace Hardware. The items appeared to be brand new and matched items Stevenson discovered were missing from Ace Hardware's inventory. Spinks sold the items for considerably less than their retail value. Spinks then gave clearly false and inconsistent explanations for where she had gotten the items from to her father and Officer Sears. In other words, Spinks had plain and easy access to items identical to ones missing from Ace Hardware's inventory and essentially "fenced" them for cash within minutes of completing her shift. The circumstantial evidence is overwhelming that Spinks at the least knew the items were stolen and exercised unauthorized control over them with intent to deprive Ace Hardware of their value and use. It goes well beyond merely establishing that she possessed recently stolen property. This supports her conviction for theft.

[12] Spinks attempts to shift suspicion for the theft of Ace Hardware's property onto her boyfriend, Tim Hueston. Hueston also was employed by Ace Hardware and also worked the same shift as her on the day in question and also was given a ride home after work by her father. Both Briggs and Stevenson had suspicions that Hueston was involved in theft; he was considered a suspect by Officer Sears but was never charged with any crime. However, it was Spinks and Spinks alone who went into Briggs's store and sold the items to Briggs. The evidence ties Spinks to the theft, not Hueston. Spinks's insinuation that

Hueston was the true thief is an invitation to reweigh the evidence, which we must decline.

## Conclusion

[13] There is sufficient evidence to sustain Spinks's conviction for Level 6 felony theft. We affirm.

[14] Affirmed.

Kirsch, J., and Robb, J., concur.