LONG *v.* STATE OF INDIANA.

[No. 13,805. Filed June 27, 1929.]

*Owen S. Boling,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

NICHOLS, J.—Appellant was charged with the felonious transportation of intoxicating liquor in an automobile under §2720 Burns 1926. Before the trial appellant filed a motion to quash the affidavit on which the search warrant was issued, and the return thereon, and to restrain the officers from testifying as to evidence secured as a result of the same. In this motion it is alleged that the affidavit was insufficient, and consequently the search was illegal and invalid. The State filed a demurrer to this motion, and, after a hearing, the court sustained the demurrer.

Trial by jury on a plea of not guilty resulted in a ver-

dict of guilty as charged, on which, after appellant's motion for a new trial was overruled, judgment was rendered that appellant serve a term of not less than one year and not more than two years at the Indiana State Farm, that he pay a fine of $100, and that the automobile used in transporting liquor be sold by the sheriff. From this judgment, this appeal, the errors assigned being the rulings of the court aforesaid.

It is to be observed that while appellant was charged, under §2720 Burns 1926, with the commission of a felony, under which section it is provided that, upon conviction, there shall be imprisonment in the state prison not less than one year nor more than two years, to which may be added a fine not exceeding $1,000, there is no provision in the section or act for imprisonment for such an offense at the state farm. However, appellant may not and does not complain of a punishment that is less than the statute provides. We assume that the transfer of this case from the Supreme Court to this court, under the provisions of ch. 123, p. 429, of the acts of the Legislature of 1929, is justified upon the ground that the punishment assessed was not imprisonment in the Indiana State Prison or the reformatory, but that it was imprisonment at the State Farm.

Appellant relies upon error of the court in sustaining appellee's demurrer to his motion to quash the affidavit on which the search warrant was issued, contending that such affidavit was insufficient to justify a search warrant, that such search warrant was therefore invalid, and that by reason thereof the search of his car was unlawful. But, as we see this case, even if it was error to sustain appellee's demurrer to the motion to quash, the facts in the case, as developed at the trial, show that such error was harmless.

The undisputed facts are that the sheriff had received reports from different named persons to the effect that

appellant was hauling booze, and that he used three different cars in this business, described as a Chevrolet with a New Jersey license, a Locomobile and a Buick. These complaints came in at different times during the months of July and August, 1926. In July, 1926, some one called the sheriff by telephone and told him that appellant was in Arlington hauling booze. The sheriff secured the warrant which is here complained of, and failing to find appellant, carried the warrant until September 25, 1926. On this date the sheriff was again informed, while at the courthouse, that appellant was at that time in Arlington with a load of booze, and that two men were following him out of town in a Ford. Upon this information, along with that which the sheriff had theretofore obtained, as above set out, the sheriff, after taking some steps for renewing the search warrant in his hands, which steps we do not need to set out, proceeded to Arlington and there, in front of the telephone exchange, saw the car in question. Appellant was found in the exchange, and, upon informing the sheriff that the car belonged to him, was arrested. The warrant was read, and then the car was searched, which disclosed that it contained five gallon cans of alcohol. On the way to Rushville after the search, appellant informed the sheriff that he brought this alcohol from Philadelphia for another man.

From the foregoing it clearly appears that the officer did not need to rely upon the search warrant in order to make a valid search, for he had ample evidence upon which to base his belief that appellant was at the time engaged in committing a felony. It is the law that when an officer has reasonable or probable cause to believe that a particular person is committing, or has committed, a felony, he may arrest him without a warrant. *Murphy* v. *State* (1926), 197 Ind. 360, 151 N. E. 97; *Budreau* v. *State* (1925), 197 Ind. 8, 149 N. E. 442. Under the

law of this state, the transportation of intoxicating liquor in an automobile is a felony, and in this case the officer, upon arresting appellant, who was engaged in such transportation of intoxicating liquors, had a right as an incident thereto to search his automobile, and to do so without any search warrant. *Murphy* v. *State, supra; Thomas* v. *State* (1925), 196 Ind. 234, 146 N. E. 850. We are not concerned, therefore, in determining this appeal, as to whether the search warrant involved was valid, or as to whether the sheriff had any search warrant.

Appellant complains that the court erred in admitting evidence to the effect that he was a bootlegger; but, if this was error, under the undisputed facts in this case, it was harmless. It appears by uncontradicted evidence that appellant was transporting in his automobile at the time of his arrest five gallon cans of alcohol, and he was therefore guilty under the statute of feloniously transporting intoxicating liquors, regardless of any evidence as to what his business or reputation had been theretofore. It is a well-established rule of law that a right result is not controlled by intervening errors.

We find no reversible error in the record

Affirmed.