LAWRENCE; MORMAN *v*. STATE OF INDIANA.

[No. 30,177. Filed September 24, 1963.]

*John M. Heeter,* of Indianapolis, for appellants.

*Edwin K. Steers,* Attorney General and *William D. Ruckelshaus,* Assistant Attorney General, for appellee.

JACKSON, J.—Appellants were charged by affidavit in two counts filed in the Marion Criminal Court, Division No. 1, of Marion County, Indiana, with the crimes of First Degree Burglary (Count 1), and Grand Larceny (Count 2).

The first degree burglary count charged appellants with burglary of a dwelling house and place of human habitation of one Helen Johnson, located at 555 West 31st Street, Indianapolis, Indiana; count two charged appellants with felonious stealing and carrying away the personal goods and chattels of Helen Johnson, including numerous articles of lady's wearing apparel, one (1) table model radio and assorted fur pieces of the total value of One Thousand Dollars ($1,000.00).

Appellants appeared separately and severally, in person and by counsel, waived arraignment and each appellant entered a plea of not guilty to the charges.

The cause was tried to the court, witnesses were sworn, the State submitted its evidence and rested. Thereupon the appellants, separately and severally moved to be discharged as to each count of the affidavit. The court sustained the motions of each de-

fendant as to count one and denied as to count two. The appellants, thereupon submitted evidence in their behalf and rested, the State then submitted rebuttal evidence and rested. The court made a finding of guilty as to count two of the affidavit as to each of the appellants, ordered a pre-sentence investigation of appellants and continued the cause for sentencing to August 14, 1961, at which time the court pronounced judgment, which in pertinent part, reads as follows:

"Court sentences defendant Joseph Lawrence, age Twenty-nine (29) years to the Indiana State Reformatory for a period of not less than One nor more than Ten (10) years to be disfranchised during prison years and costs to be divided.

"Court pronounces Judgment and the Court sentences defendant J. C. Morman age Twenty-nine (29) to the Indiana State Reformatory for a period of not less than One (1) nor more than ten (10) years and costs to be divided.

"IT IS THEREFORE ORDERED ADJUDGED AND DECREED by the Court that the defendant Joseph Lawrence for the offense by him be and is sentenced to the Indiana State reformatory for a period of not less than One (1) not more than Ten (10) years, defendant's age is Twenty-nine (29) years. To be disfranchised during prison years and costs to be divided. By each.

"IT IS THEREFORE ORDERED ADJUDGED AND DECREED by the Court that the defendant J. C. Morman, age Twenty-nine (29) years for the offense by him be and is sentenced to the Indiana State Reformatory for a period of not less than One (1) or more than Ten (10) years Costs to be divided, and Disfranchised during prison years.

"AND THE SHERIFF OF MARION COUNTY IS CHARGED WITH THE EXECUTION OF THIS JUDGMENT."

On August 16, 1961, appellants, by counsel, filed their motion for a new trial, such motion, in pertinent part, reads as follows:

"1. That the verdict of the Court is not sustained by sufficient evidence and is contrary to law.

"2. The defendants' attorney has since the trial, discovered certain evidence material to the defense of the two defendants, which new evidence is as follows:

"(a) That a certain person by the name of Douglas Allen Davis allegedly confessed that he is the person who burglarized the house of Helen Johnson at 555 W. 31st Street, Indianapolis, Indiana, for which crime the above two defendants were tried.

"(b) That the said Douglas Allen Davis is a minor of the age of 18 and it is believed he is now living in Marion County and if a new trial was granted to these two defendants, the said Douglas Allen Davis will be a witness and testify in behalf of the defense; that he was the person who committed the robbery and grand larceny and that the two defendants herein did not participate in the robbery and in the grand larceny and are innocent of the charges."

The motion for a new trial was overruled by the court on September 12, 1961, and the appellants thereupon filed their pauper affidavit praying the court to appoint an attorney to prosecute their appeal as poor persons pursuant to law; the court being duly advised granted said petition and appointed John M. Heeter as pauper attorney for appellants. Thereafter, appellants perfected this appeal.

The assignment of errors consists of a single specification, which reads in pertinent part as follows:

"The Court erred in overruling appellants' motion for new trial."

The evidence most favorable to appellee may be summarized as follows: State's witness, Helen Johnson, testified that she lived at 554 West 31st Street in the

City of Indianapolis, Marion County, Indiana, on March 3, 1961. That she left her room on the morning of March 3, 1961, about 9:00 a.m. She returned home between 10:30 and 11:00 p.m., that when she left the house it was locked, on her return home the light was on, the back door open, the closets had been ransacked, her clothes had been taken. She testified that she checked as to what was missing and found that her green radio, fur cape, fur pieces, winter coat, spring coat, a white coat and all of her dresses had been taken. She testified that when she discovered her loss she went to a neighbor's home, told them what had happened, then all of them came back to her home where she called the police. The police came, she told them what had happened and they left. Later, about 2:30 a.m. she had a telephone call from a person who identified himself as the captain from police headquarters, who stated he thought they had her clothes and asked her if she owned certain named items, she stated she did and was then requested to come down later in the morning and identify her clothes as they were at police headquarters. She testified that she went down to the police headquarters and found every one of her missing articles in the police property room. The police let her take back with her some of her clothing as she had nothing else to wear; they let her take her coat and five dresses. She further testified that she was not acquainted with either of the appellants and had never seen either of them.

Officer Erwin G. Russell testified as a witness for the State, that he was a police officer for the City of Indianapolis on March 3, 1961. Pursuant to a radio alarm he investigated a burglary at 554 West 31st Street, on March 3, 1961, and talked to a Mrs. Helen Johnson at that address. That he found the back win-

dow of the door on the north side of the building had been taken out and the house ransacked. That Mrs. Johnson gave him a list of the articles she knew were missing at that time and that he put out a description on the radio of the missing articles. That the Mrs. Johnson who had testified in court was the same Mrs. Johnson to whom he talked on the night of March 3, 1961. That he knew neither appellant Joseph Lawrence nor appellant, J. C. Morman, had never met them and knew nothing about them.

Richard A. Jones testified as a witness for the State, that he was a Detective Sergeant for the City of Indianapolis, Marion County, Indiana, on March 3, 1961. That he did investigate a burglary at 554 West 31st Street on that date. He testified that at about 11:05 p.m. on March 3, 1961, he was in police car No. 74, with Inspector Noel Jones driving south on North Capitol Avenue in the 2000 block, when they observed a 1953 black Pontiac with a 1961 dealers plate No. 4304M2 proceeding south on the 2000 block of North Capitol Avenue with no tail lights on it, the car was occupied by two colored men. The witness testified they followed the car, that it turned East on 18th Street from Capitol, then made another turn left at an alley. At that time the witness and his partner pulled up behind the car in a parking lot in the rear of 128 West 18th Street and turned on the red light on the police car. The witness testified that at that time he observed Joseph Lawrence get out from under the wheel on the driver's side of the car and observed the other gentleman get out from the other side. He then testified that he and his partner identified themselves as police officers and asked the driver if he knew he had a tail light out. The driver said he did not know it. At that time the witness asked the driver for his driv-

er's license and was told he did not have any. The appellant, Lawrence, was asked who owned the car and he replied that he was buying it and that he had bought it up on North Illinois Street. Appellant, Lawrence, was then asked if he had a bill of sale in his possession to show that he was buying the car, the reply was that he did not, and that he did not have any identification on him at all. The witness testified that he then advised appellant Lawrence, that he was under arrest for having no operator's license and for improper plates on his vehicle. The witness further testified that he asked the other gentleman what his name was. The man first stated it was Frank Pierce, Jr., and then said it was J. C. Morman. That while talking to these men the witness testified he observed in the back seat of the car a green table radio and a chenille bedspread all bundled up and that in it were several items of clothing. When asked about the ownership of these articles appellant, Lawrence, stated they belonged to his sister. That at about that time officer Russell in car 15 made a broadcast about a burglary at 554 West 31st Street and the witness observed that the merchandise in the car was similar to that about which officer Russell was broadcasting. Thereupon both appellants were put under arrest on an additional charge of Pre-Burglary and Pre-Grand Larceny, both men denied knowledge of how the merchandise got into the car. The witness further testified that while still talking to appellants a lady came out of 126 West 18th Street, identified herself as appellant Lawrence's sister and asked what the trouble was. She was told by the witness that he and his partner were police officers; she was asked if the merchandise in the car was hers, and she said it was not. The witness further testified that every item removed from

the automobile operated by appellant Lawrence was identified by Mrs. Johnson as her property.

There is, in the case at bar, no dispute as to the appellants' exclusive possession of the articles alleged to have been stolen from Mrs. Johnson. The question to be determined here is, does such possession constitute a circumstance, standing alone from which the trier of the facts can infer guilt.

The state relies entirely upon the proposition that the possession of recently stolen property by appellants raised a presumption that the appellants stole it. The rule is that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt. *McAdams* v. *State* (1948), 226 Ind. 403, 411, 81 N. E. 2d 671.

In *Gilley et al.* v. *State* (1949), 227 Ind. 701, 705, 706, 88 N. E. 2d 759, it was stated:

"The owner of the property here involved positively identified it as having been taken from his store, and it was found in the automobile occupied by the two appellants only a few minutes after it was stolen. The circumstance was sufficient to permit the trial court to draw an inference of guilt and convict the appellants. There were other circumstances which might lead to a different conclusion, such as the fact that the appellants did not flee and seemed to be asleep in their car when the officers arrived, and such as the fact that all the money alleged to have been stolen was not found in the possession of the appellants. There was also the testimony of the witness that she saw others place the stolen merchandise in appellants' car. It was for the court to weigh these other circumstances and this evidence. The court saw the witness and could have disbelieved her, even though her evidence was not contradicted by any other witness. *Neuwelt* v. *Roush* (1949), 119 Ind. App. —, 85 N. E. 2d 506, 514; *McKee* v.

*Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 15, 51 N. E. 2d 474. It was for the court to determine her credibility, in the light of all the other circumstances, not for us, and it was for the court to weigh her evidence and the other circumstances against the possession of the property and reach a conclusion. We will not consider the weight of these other circumstances or the weight of the other evidence, which would be necessary if we were to reverse the case upon this ground." See also: *Tosser* v. *State* (1928), 200 Ind. 156, 162 N. E. 49; Ewbanks Ind. Cr. Law, Larceny, §1291, p. 711.

Appellants' second specification of their motion for a new trial is, that a new trial should have been granted on the grounds of newly discovered evidence. The newly discovered evidence is that one Douglas Allen Davis allegedly confessed that he is the person who burglarized Mrs. Johnson's home.

The specification further states that it is believed that Douglas Allen Davis lives in Marion County, that in the event of a new trial, he will be a witness and testify in behalf of the defense.

No affidavit of the witness was produced, nor was any good reason shown for not producing it. This fact, in itself, is fatal to Appellants' Motion for New Trial on the grounds of newly discovered evidence. *Spaulding* v. *State* (1904), 162 Ind. 297, 300, 70 N. E. 243; *Quinn* v. *The State* (1890), 123 Ind. 59, 61, 23 N. E. 977.

Secondly, there has been no showing of diligence in attempting to procure the newly discovered evidence. This likewise is fatal to such a motion. *Click* v. *State* (1950), 228 Ind. 644, 94 N. E. 2d 919; *Anderson* v. *State* (1928), 200 Ind. 143, 148, 161 N. E. 625.

Finally the record discloses that the allegedly newly discovered evidence is not newly discovered. Trial counsel knew of the alleged evidence before and during the trial, but was unable to produce or find the witness. No motion for a continuance was made in order to give time in which to produce the witness, nor was any delay sought on the ground of inability to produce a material witness.

The judgment is affirmed.

Myers, C. J., Achor, Arterburn and Landis, JJ., concur.

NOTE.—Reported in 192 N. E. 2d 629.