BILLY RAY GANN *v*. STATE OF INDIANA.

[No. 1269S293. Filed May 17, 1971. Rehearing denied July 26, 1971.]

*J. Lee McNeely, Pell & Matchett, Robert Adams, Adams & Cramer,* of counsel, of Shelbyville, for appellant.

*Theodore L. Sendak,* Attorney General, *David S. Wedding,* Deputy Attorney General, for appellee.

ARTERBURN, C.J.—The appellant was charged by affidavit with the crime of second degree burglary. A trial by jury in the Shelby Superior Court resulted in a verdict of guilty as charged. On May 9, 1969, judgment was rendered upon the verdict and the appellant was sentenced to the Indiana State Reformatory for a term of not less than two (2) nor more than five (5) years.

Appellant contends that the decision is contrary to law because of a lack of evidence and that the court erred in overruling the defendant's motion at the close of all the evidence to direct a verdict of acquittal. When the sufficiency of the evidence is raised on appeal, it is well settled that this court considers only that evidence most favorable to the State, together with all the reasonable and logical inferences that may be drawn therefrom. *Johnson* v. *State* (1968), 251 Ind. 17, 238 N. E. 2d 651; *Capps* v. *State* (1967), 248 Ind. 472, 229 N. E. 2d 794.

Early in the morning of July 11, 1968, Harold Myer, owner of the O. K. Tire Company in Morristown, Indiana, went to his place of business and noticed upon arrival that approximately sixty-four (64) tires that he had inside his building were missing. Myer also noticed that the large door in the rear of the building had one of its plywood window frames knocked out and that the molding and framework were lying on the floor. He telephoned the Shelby County Sheriff's Office at approximately 7:00 a.m. to apprise them of the situation. That same morning, at about the same time, Haskell Myers was driving to his brother's residence on Morristown Road and when approximately a quarter of a mile from his destination, he saw two men loading tires from a cornfield into a panel truck. His brother, Kenneth Myers, stated that he saw

three men loading the truck. The Shelby County Sheriff's Office was called by Kenneth Myers after Haskell Myers arrived. The Sheriff's Office was given a description of the truck and the license number. The appellant was apprehended shortly thereafter when the police stopped the truck that had been loaded with tires.

The Court recently stated in *Lawrence* v. *State* (1963), 244 Ind. 305, 312, 192 N. E. 2d 629, 632:

> "The state relies entirely upon the proposition that the possession of recently stolen property by appellants raised a presumption that the appellants stole it. The rule ■ is that unexplained, exclusive possession of recently stolen property constitutes a circumstance from which a court or jury may draw an inference of guilt. *McAdams* v. *State* (1948), 226 Ind. 403, 411, 81 N. E. 2d 671."

Similar language was used by this Court in *Bradley* v. *State* (1964), 244 Ind. 630, 195 N. E. 2d 347. The appellant's explanation for his possession of the tires was that he had met some men at a White Castle drive-in restaurant in Indianapolis, Indiana, who asked him if he wanted to buy any tires. Having replied that he was interested, he went to the home of his brother for the purpose of securing use of a truck. The appellant's brother was able to obtain the use of a truck and the appellant and his two brothers allegedly followed the men who were selling the tires to the cornfield, at which time the men selling the tires drove away. Payment for the tires was apparently to be made when the appellant got the tires back to Indianapolis, Indiana. Clearly, the jury did not believe this explanation.

We further point out inconsistent and suspicious circumstances, in that part of the tires were left in the cornfield. A cornfield is not the place where a person ׳normally buys tires. When Haskell Myers drove by early in the morning and saw tires being loaded in the truck, two men attempted to hide or conceal themselves behind the truck so as not to be observed. The corpus delicti, a break-in of a tire store,

was proved. The stolen tires were positively identified as coming from the building broken into. They were the same tires found in the truck in which the appellant was fleeing from pursuers. This was in the morning shortly after the burglary. In our opinion these facts ought to lead to the conclusion that the appellant was guilty of the burglary as charged, from the circumstantial evidence following these activities. *Schweigel* v. *State* (1964), 245 Ind. 6, 195 N. E. 2d 848; *Stallings* v. *State* (1967), 249 Ind. 110, 231 N. E. 2d 29.

The appellant next contends that the court erred in giving Instruction Number 22, which reads as follows:

## INSTRUCTION NO. 22

"The unexplained, exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone.

"If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. However, no presumption of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand, if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State, and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt."

We find that the instruction correctly states the law as it exists in this State. *Lawrence* v. *State, supra; Bradley* v. *State, supra.* Furthermore, the instruction explains to the jurors that they cannot find the defendant guilty solely on the basis of his possession of stolen goods and that the burden of proving his guilt beyond a reasonable doubt always rests upon the State.

The appellant cites *Dedrick* v. *State, infra,* in support of his position. However, we stated in *Dedrick* v. *State* (1936), 210 Ind. 259, 278, 2 N. E. 2d 409, 418:

"Exclusive possession by the defendant of recently stolen goods is a circumstance to be considered by the jury, and if the state proves that the goods in question have been recently stolen and soon thereafter were found in the possession of defendant, and there is no evidence in the record explaining the possession of the defendant, and if the jury under proper instruction concludes that the defendant was guilty, such evidence would be sufficient to sustain the verdict of the jury upon appeal. We do not think that a court has any right or any power to instruct the jury that the proof of certain facts raises a presumption against the defendant in a criminal case, but the court should more properly instruct the jury that all facts and circumstances as shown by the evidence should be considered by them in determining the guilt or innocence of the defendant."

The trial court in the case before us instructed the jury properly as to the law concerning this issue and we thus find no error on this point.

Appellant also contends the trial court erred in permitting law enforcement officers to answer questions put to them as witnesses by the prosecuting attorney concerning the search of the truck in which the appellant was riding. Specifically, the appellant contends that his arrest was not based upon probable cause and that therefore any evidence or testimony adduced from the search incidental to the alleged invalid arrest was inadmissible at his trial.

The record, however, indicates that Shelby County Deputy

Sheriff Richard Allender received a phone call from Harold Myer at 7:00 a.m. on July 11, 1968, concerning the breaking and entering of Mr. Myer's business, O. K. Tire Company. Deputy Allender further testified that he received a phone call from Kenneth Myers at 7:25 a.m. on the same date advising him that three men were loading tires from a cornfield into a panel truck, furnishing him with the license number. Deputy Allender then phoned the Shelbyville City Police in an attempt to have them intercept the panel truck along the Morristown Road.

Shelbyville City Policeman Mark Sullivan testified that he received a call over his radio alerting him to the burglary at the O. K. Tire Company and informing him of the description and license number of the panel truck seen in the cornfield being loaded with tires. Heading towards the vicinity where the panel truck had last been seen, the officer was waved down by Kenneth Myers who informed the officer that he and his brother had just lost sight of the truck. Officer Sullivan soon caught up with the truck, observed the license number, and saw that the truck was loaded with tires, before making the arrest.

We find the above information sufficient to establish probable cause to arrest the appellant. The appellant states in his reply brief:

"The law enforcement authorities could have followed the defendant and radioed ahead for assistance in trailing the defendant to see what course the defendant and his companions were pursuing. Meanwhile, evidence could have been brought before an independent magistrate sufficient to obtain a search or arrest warrant, and certainly, a cursory examination of the scene of the alleged crime and a checking out of the person calling in would have gone much further to establish probable cause."

We would not hamper the police by suggesting that with the information they already had, they should have followed this truck as the defendant suggests perhaps even giving the de-

fendant enought time to flee from the state. In *Capps* v. *State* (1967), 248 Ind. 472, 476, 229 N. E. 2d 794, 796, we stated:

> "It has long been held in Indiana that a peace officer may arrest a suspect without a warrant when he has reasonable and probable cause for believing that a felony is being, or has been committed by the person arrested. *Johns* v. *State* (1956), 235 Ind. 464, 134 N. E. 2d 552; *Pearman* v. *State* (1954), 233 Ind. 111, 117 N. E. 2d 362; *Koscielski* v. *State* (1927), 199 Ind. 546, 158 N. E. 902. A police officer may base his belief that there is reasonable and probable cause for arresting a person on information received from another. *Long* v. *State* (1929), 89 Ind. App. 496, 167 N. E. 140.
>
> "A police officer who takes a telephone call giving him information relevant to the commission of a crime has both the authority and the duty to make a preliminary assessment of its reliability where immediate apprehension of the criminal is possible. This Court should not interfere with the discretionary decision of the police to treat such information as they had received in this case as a credible basis for probable cause in order to effect a swift arrest of the criminal.
>
> "Where law enforcement officers are attempting to apprehend a felon in the course of his flight from the scene of the crime, it is often essential for them to rely, at least momentarily, upon uncorroborated and unverified information which they know will be subject to verification within a short time. If the police were required to verify all information they receive as to the commission of a crime before attempting to arrest a felon fleeing the scene of his crime, swift apprehension and arrest would be a practical impossibility in any case such as is presented here."

Appellant also objects to a subsequent search of the truck on July 13, 1968. Since the arrest was proper, the search was also proper under the evidence. At that time, Harold Myer identified the tires stolen from his business.

The judgment of the trial court is affirmed.

Hunter and Givan, JJ., concur; DeBruler, J. Dissents with opinion, in which Prentice, J., concurs.

## DISSENTING OPINION

DeBRULER, J.—I dissent from the opinion of the majority because I believe that the evidence is wholly insufficient to sustain a conviction for second degree burglary.

The elements of second degree burglary which the State was required to prove are that the appellant (1) broke, (2) and entered (3) into a building or structure not a place of human habitation (4) with intent to commit a theft therein.

The sole evidence tending to prove that the appellant broke and entered the O. K. Tire Store with intent to commit a theft was his possession of tires taken from that store. Appellant was seen to have been loading the tires from a cornfield into a panel truck some six to seven hours after the burglary allegedly took place. Shortly thereafter appellant was apprehended in the panel truck. Appellant admitted loading the tires from the cornfield into the truck and there can be no doubt that the stolen tires were found in possession of the appellant. The State presented no evidence other than the appellant's possession of the stolen tires from which inference can be drawn that the appellant was the one who broke and entered the tire store.

The question here then is whether the nexus between the appellant and the burglary can be established merely by possession of the stolen goods. I do not believe it can.

I recently dissented to two cases of a similar nature, *Bolton* v. *State* (1970), 254 Ind. 648, 261 N. E. 2d 841, and *Vaughn* v. *State* (1971), 255 Ind. 678, 266 N. E. 2d 219. Those dissents apply with equal vigor here.

This Court in *Bolton* said:

"We hold that the State had made its prima facie case before the trial court when it presented evidence of the exclusive possession in the appellants shortly after the theft of the tractor." 261 N. E. 2d at 843.

In both *Bolton* and *Vaughn* the appellants were charged with the crime of theft. This Court in affirming both convictions

re-asserted the rule that an inference of guilt of theft may be drawn from exclusive, unexplained possession of recently stolen goods. In those cases I believe the Court erroneously allowed the proof of possession, being the sole nexus between the appellants and the theft, to support the convictions. In the case at bar, the majority creates a new and unwarranted precedent by extending the rule of *Bolton* and *Vaughn* to include second degree burglary. That is to say that mere possession is prima facie proof of breaking and entering with intent to steal. My research reveals that no burglary conviction has been sustained on review by the application of the "recent, exclusive unexplained possession rule" alone. In each and every case where this Court sustained a conviction for burglary and in so doing applied the "recent, exclusive unexplained possession rule" there is additional evidence connecting the appellant to the burglary; evidence which places the appellant at the site of the crime. In the case at bar no such evidence exists and all inferences must be drawn from possession alone. The State in its brief urges the following:

> "From the evidence previously set forth most favorable to the State, the jury could have reasonably concluded that Appellant and the two other men stole the red flat bed truck from the Soil Service and used it to put the tires on during the burglary. That they drove the truck to a cornfield where they dumped the tires. That they then ditched the truck and loaded the tires into the panel truck for transportation elsewhere. That the repeated trips back and forth were necessary, since not all of the tires would fit into the panel truck."

I believe such inferences are unwarranted from evidence of possession alone. There was evidence introduced that a flat bed truck was stolen from the Eberhard Soil Service nearby the tire store. Somewhat tenacious evidence was introduced to show that the truck was used in the burglary. However, no shred of evidence links the appellant to the theft or use of the soil service truck. At the time of his arrest, ap-

pellant was a passenger in an entirely different truck. Likewise the record is completely devoid of evidence which would in anyway place the appellant at the scene of the crime.

My attention is drawn to the case of *Finch* v. *State* (1967), 249 Ind. 122, 231 N. E. 2d 45. In that case a meat market had been burglarized by means of entering into a second story window and breaking through a plaster ceiling. The appellant was found some nine and one-half hours after the burglary approximately one and one-half miles away. Meat and cigarettes in the possession of the appellant matched the description of those taken in the burglary. Plasterlike substance was found in the hair of the appellant. This Court reversed the appellant's conviction for burglary holding that the evidence was insufficient to prove all the elements of the crime, to-wit: the breaking and entering.

In the case at bar there is even less evidence than in the *Finch* case tending to connect appellant with the burglary. Here there is no evidence comparable to the "plasterlike substance" which might tend to show that the appellant was at the scene of the burglary.

The admissions of the appellant at trial and the other evidence that appellant loaded the tires from a cornfield onto a panel truck some seven hours after they were stolen in the burglary is evidence which is relevant to the issue of the appellant's guilt, and is circumstances from which the trier of fact may draw reasonable inferences. Evidence of recent exclusive possession might establish a prima facie case under I.C. 1971, 35-17-5-3, being Burns § 10-3030(d), (receiving stolen property). However, I believe it erroneous to allow such evidence to establish a prima facie case or a presumption of guilt of second degree burglary.

Prentice, J., concurs.

NOTE.—Reported in 269 N. E. 381.