LARRY SANSOM AND JACK K. MURPHY, JR. *v.* STATE OF INDIANA.

[No. 977S663. Filed September 15, 1977.]

*John M. Lyons,* of Valparaiso, for appellants.

*Theodore L. Sendak,* Attorney General, *K. Richard Payne,* Deputy Attorney General, for appellee.

PRENTICE, J.—Defendants (Appellants) were convicted in a trial by jury of Second Degree Burglary, Automobile Banditry and Theft all arising from the same transaction. Specifically, the theft charged was under Ind. Code (Burns 1971), § 35-17-5-3(1)(a)-(2)(a), obtaining and exerting unauthorized control over property of the owner, intending to deprive the owner of the use and benefit thereof. The second degree burglary charged was the effecting of the aforesaid theft by breaking and entering, and the automobile banditry charged was having an automobile available for escape following commission of the burglary. The Court of Appeals, Third District, affirmed all convictions, over a challenge to the sufficiency of the evidence but remanded the cause to the trial court with instructions to vacate the judgment and sentence on the automobile banditry charge upon authority of *Coleman* v. *State,* (1975) 264 Ind. 64, 339 N.E.2d 51 and *Hudson* v. *State,* (1976) 265 Ind. 302, 354 N.E.2d 164.

Defendants have petitioned for transfer alleging that (1) the decision of the Court of Appeals is self-contradictory in that the Court failed and refused to order the theft sentence vacated and (2) in that the decision of the Court of Appeals contravened a ruling precedent of this Court and conflicted with other decisions of the Court of Appeals in holding:

> "Possession of distinctive fur pelts by individuals acquainted with the ransacked premises cannot be claimed to be insufficient."

The petition for transfer is granted.

## ISSUE I

Assuming that there was sufficient evidence to sustain the verdict of second degree burglary, as was determined by the Court of Appeals, the crimes of theft and automobile banditry were also committed, and the evidence was sufficient to sustain those convictions; but they merged into the burglary, as the offense for which the greatest

penalty is provided. As contended by the defendants, the judgment and sentence upon the theft count, as well as those upon the automobile banditry count, should have been ordered vacated on the authority of *Coleman, supra,* and *Hudson, supra.*

## ISSUE II

The issue presented by the appeal is the sufficiency of the evidence to sustain a conviction upon any of the counts. The Court of Appeals, apparently relying upon *Gann* v. *State,* (1971) 256 Ind. 429, 269 N.E.2d 381, *Durrett* v. *State,* (1967) 249 Ind. 12, 230 N.E.2d 595, *Bolton* v. *State,* (1970) 254 Ind. 648, 261 N.E.2d 841 and *Vaughn* v. *State,* (1971) 255 Ind. 678, 266 N.E.2d 219, held that the following recited evidence was sufficient to sustain convictions upon all three counts.

During the late night or early morning hours of January 18, 1974, the fur processing plant of Hank Kopkey in Winamac, Indiana, was burglarized. A motor vehicle had been used to transport the stolen property from the burglarized premises. Four hundred and eleven mink pelts and one hundred and eighty-six fox pelts had been stolen in the operation, along with some pelt stretchers, guns, ammunition and approximately $90.00 in currency. A substantial number, if not all of the pelts and stretchers were distinctive.

During the afternoon of January 25th, the defendants appeared at the businesshouse of a fur dealer in Advance, Missouri, five hundred miles distant from Winamac, Indiana, and offered to sell a large quantity of pelts. They were in an automobile bearing Indiana license plates. The Missouri dealer had been alerted to the Winamac robbery and became suspicious. He notified the Missouri police authorities, and they appeared and arrested the defendants. The appellants explained to the arresting officers that they were trading locally. The defendants had in their possession at the time of arrest one hundred six mink pelts and two hundred fifty-three fox pelts. As they were taken into custody, the defendant

Sansom, disclosed to the police officers that there was $673.00 in cash under the floor mat of the automobile and ask that it be retrieved. He explained that this money had come from fur sales in the area.

At the defendants' trial, the pelts and stretchers were identified as among those taken in the burglary, and it was disclosed that on one occasion, at some undisclosed time prior to the burglary, the defendants had sold three pelts to Mr. Kopkey.

Reduced to its most simple form, the first question to be determined by this Court is whether or not evidence that the defendants were found in possession of stolen property, one week following its theft and five hundred miles distant from the scene of such theft is sufficient, as a matter of law, to sustain a guilty verdict upon a charge of theft, as hereinbefore specified. Although the writer is of the opinion that, under the circumstances of this case, it is not, a majority of the Court has determined such evidence is minimally sufficient. In consequence, we hold that the evidence was sufficient to sustain guilty verdicts upon counts of second degree burglary and automobile banditry, there being no question but that the theft was committed by breaking and entering with the requisite intent and that a motor vehicle was used in its perpetration.

It is apparent that instructions given to the jury may have contributed substantially to the weight accorded to the evidence of the defendants' possession. Had such instructions been given over objection, the writer would have voted to reverse the convictions and would have voted to overrule our earlier decision in *Gann* v. *State, supra*. In view of the *Gann* case, however, it is understandable that the following instructions were given and not objected to.

## STATE'S INSTRUCTION NO. 1

"The exclusive possession of stolen property soon after a larceny or burglary has been committed, if not explained to the satisfaction of the jury, may raise an inference that

the person in possession of such stolen property is guilty of the larceny or burglary charged. *The inference of guilt does not arise from the mere possession of the property stolen, but arises from the fact of its possession shortly after it has been stolen, coupled with the absence of a satisfactory explanation, or of anything tending to show that such possession is or may be consistent with innocence.* In this case, evidence has been presented by the State showing that certain goods, allegedly taken by a larceny from Hank Kopkey, d/b/a Kopkey Fur House, were in the possession of the defendants shortly after the alleged larceny. The jury, in its deliberations, should consider the evidence offered by the State on this issue in the light of all other evidence in the case, giving such credence to witnesses and such weight to the evidence as the jury believes is warranted." (Emphasis supplied.)

STATE'S INSTRUCTION NO. 2

"I instruct you that circumstantial evidence may prove all essential elements of Second Degree Burglary, if such evidence convinces you beyond a reasonable doubt of the defendant's guilt, *and this is particularly true if the accused are found in exclusive possession of the stolen property shortly after the larceny.*" (Emphasis supplied.)

The inference, if any, to be drawn from a finding that the defendants were in possession of the stolen property lies in the exclusive province of the jury. As such, it is a matter for legitimate argument of counsel. Unquestionably, in most cases, such possession will logically weigh heavily, but its weight, nevertheless, will vary as the other evidence varies. An instruction as to what evidence warrants an inference of guilt clearly invades the jury's province. The federal practice permitting trial judges to comment upon evidence does not prevail in our state courts. *Wilson* v. *State,* (1943) 222 Ind. 63, 51 N.E.2d 848.

For the Court to point out specific evidence and to advise as to the inferences properly to be drawn or not to be drawn therefrom is as much a transgression as it is for it to intimate its evaluation of a particular witness' credibility. This we have recently held to be erroneous in *Turner* v. *State,* (1972) 258 Ind. 267, 280 N.E.2d 621;

*Cherry* v. *State,* (1972) 258 Ind. 298, 280 N.E.2d 818; *Taylor* v. *State,* (1972) 257 Ind. 664, 278 N.E.2d 273.

As early as 1884 this Court was critical of the practice of the trial judge commenting upon the evidence, and we said: "It is a hazardous proceeding for the court, either directly or through the medium of hypothetical cases, to attempt any comments upon the evidence, and particularly to express any opinion upon it beyond an intimation or statement as to what certain evidence may tend to prove. The safer way is for the court to announce general principles applicable to the salient points of the evidence, and leave all inferences from the facts apparently proven, of which the evidence tended to establish, to the jury." *Norton* v. *State,* (1884) 98 Ind. 347, 350.

We note that the ABA standards for criminal justice permits the judge to summarize and to comment upon the evidence, "provided the jury is clearly and unequivocally instructed that it is the exclusive judge of the facts, that it is to determine the weight of the evidence and the credibility of witnesses, and that it is not bound by the comments of the court." American Bar Association Standards for Criminal Justice, § 4.7. Unnecessary comment does not appear to be encouraged by the standards, and it does not appear to us that it would serve any useful purpose for the judge to suggest inferences to the jury that it is free to draw or to reject for itself. This chore should be left for summation by counsel.

This is not to say that possession of recently stolen property, standing alone, may never be sufficient to sustain a verdict finding the accused guilty of a theft, as in this case charged. No one could logically contend that the evidence was insufficient if an accused were discovered in possession of stolen property so soon after the crime that, in reason, he could not have come by it in any manner other than by commission of the crime. In such a case, however, it is not required that we instruct that an inference

arises from the possession. On the contrary, we need only abide by our rules of appellate review and affirm the right of the jury to draw an inference that was reasonable under the circumstances. If, however, the inference drawn by the trier of fact must rest upon speculation or conjecture, it cannot be drawn beyond a reasonable doubt, and we are required to set it aside as a matter of law. "It is not enough to sustain a conviction that the evidence, when given full faith and credit, may warrant a suspicion or amount to a scintilla." *Baker* v. *State,* (1956) 236 Ind. 55, 60, 138 N.E.2d 641.

"In considering the standard by which we review the evidence where it is challenged as being insufficient to sustain a verdict or finding, this court has often said there must be substantial evidence of probative value before we can decide an accused has been proved guilty beyond a reasonable doubt. This last rule places the evidence before the court on appeal, not for the purpose of weighing it, or for the purpose of determining the facts when there is actual conflict, but for the purpose of deciding, as a question of law, whether or not there is substantive evidence in support of the required material facts essential to a conviction.

\* \* \*

" 'We use the word "substantial" as meaning more than "seeming or imaginary'."

"The rule of law defining proof beyond a reasonable doubt has been well settled for many years and requires each juror to be so convinced by the evidence that as a prudent man he would feel safe to act upon such conviction in matters of the highest concern and importance to his own dearest and most important interests, under circumstances where there was no compulsion or coercion upon him to act at all. *Chambers* v. *State* (1953), 232 Ind. 349, 356, 111 N.E.2d 816; *Morgan* v. *State* (1921), 190 Ind. 411, 130 N.E. 528; *Bradley* v. *State* (1870), 31 Ind. 492. The standard of a prudent man is that of a reasonable man. If different persons might reasonably arrive at different conclusions from that reached by the trial jury, the verdict will not be set aside for that reason. *Davidson* v. *State* (1933), 205 Ind. 564, 576, 187 N.E. 376. On the other hand if no reasonable man could find the evidence has proved an accused guilty beyond a reason-

able doubt, a verdict would not be sustained by sufficient evidence." *Baker* v. *State, supra.*

Under the foregoing test and without considering the effect which the objectionable instructions may have had, the majority holds that the evidence was sufficient to sustain the verdicts of guilty upon all charges.

The judgment of the trial court is affirmed upon the count of second degree burglary; but the cause is remanded to the trial court for vacation of the judgments upon the counts of theft and automobile banditry.

DeBruler, J., concurs; Givan, C.J., concurs in result with opinion in which Pivarnik, J., concurs; Hunter, J., concurs in result with opinion in which Givan, C.J. and Pivarnik, J., concur.

## Concurring Opinion

Givan, C.J.—I concur in the result only of the majority opinion. I do not believe the statements contained in the opinion concerning the giving of State's instructions numbered 1 and 2 are germane to the issues. If mentioned at all in an opinion of this Court, it should simply be stated that the question was not properly preserved on appeal. I think it is misleading and confusing to a practicing bar to infer that the instructions should not have been given over objection and implying that the opinion would overrule the *Gann* case. I think dicta of this sort should be eliminated from any opinion handed down by this Court. I therefore concur in the result only in this case.

Pivarnik, J., concurs.

## Opinion Concurring in Result

Hunter, J.—I would concur only in the result obtained in Justice Prentice's opinion, i.e., the affirmance of the second degree burglary conviction and a remand for vacating the judgments of the conviction for theft and automobile banditry.

I believe this Court should reaffirm the rule in *Gann* v.

*State,* (1971) 256 Ind. 429, 269 N.E.2d 381, as exemplified by the instruction given therein, which in my view is a comprehensive statement of the law in cases such as that, in that it spells out to the jury how they must consider all of the evidence in the case. The instruction is set out in its entirety as follows:

### "INSTRUCTION NO. 22

"The unexplained, exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case in determining the guilt or innocence of the accused. However, the mere possession of stolen goods, standing alone, is insufficient to support a conviction, and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone.

"If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. However, no presumption of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand, if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State, and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt."

Givan, C.J., and Pivarnik, J., concur.

NOTE.—Reported at 366 N.E.2d 1171.