## MAYO DAVIS *v.* STATE OF INDIANA

[No. 2-876A307. Filed June 6, 1978. Rehearing denied June 30, 1978.]

*Kenneth T. Roberts, Wilson, Coleman & Roberts,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General of Indiana, *Walter F. Lockhart,* Deputy Attorney General, for appellee.

WHITE, J. — In a trial to the court Mayo Davis was convicted of first degree burglary (Count I) and two counts of assault and battery with intent to kill (Counts II and III). He claims that there is insufficient evidence (a) that he broke and entered a place of human habitation; or, (b) that he intended to kill the victims of his attacks.

We affirm the judgment on Count I and remand for vacation of the judgments on Counts II and III.

The evidence most favorable to the State is that at approximately 1:00 A.M. on February 7, 1976, Davis and one James Motley were about to leave the apartment building where Motley lived. Davis told Motley that he wanted to speak with one Aaron Bray, who also resided in the building and, while Motley waited nearby, David went to Bray's apartment. Davis and Bray started arguing, and the argument soon developed into a scuffle that Motley broke up by stepping between the two. Bray then went to a private hallway in the same building, a hallway that had its own door to the building foyer and that led to two apartments (one vacant), a sleeping room (also vacant), and a bathroom. Bray closed and locked the door behind him. He went into the occupied apartment at the invitation of the residents, William Henderson and Walter Blake, and watched television. Shortly thereafter Davis began pounding on the hallway door, demanding to see Bray. Henderson opened only his apartment door and called out that Bray was not there and that he (Henderson) had gone to bed. Davis then kicked in the outer door, entered the hallway, and confronted Henderson, again demanding to know where Bray was. Davis and Henderson argued and then began grappling with each other, gradually moving into Henderson's apartment as they fought. Bray took this opportunity to slip out, unnoticed, through the apartment door and make good his escape. The fight between Davis and Henderson continued and Henderson was badly beaten. When Blake attempted to come to Henderson's aid Davis struck him (Blake) in the face with a night stand, crushing several bones and rendering him unconscious. Davis rejoined Motley in the hallway and the two men left. Henderson was hospitalized for eleven days and Blake for twelve days as a result of the beatings they had received.

On these facts it is clear that Davis broke and entered a place of human habitation. That the door he kicked open did not afford him immediate

access to the actual living quarters of Henderson and Blake is immaterial. It is enough that the breaking gave him entry into a private part of a place of human habitation. See *Burgett v. State* (1974), 161 Ind.App. 157, 314 N.E.2d 799, 802-804; *Abbott v. State* (1978), 175 Ind.App. 365, 371 N.E.2d 721.

We do not reach Davis' claim that there was insufficient evidence to support his convictions on Counts II and III as we must remand this cause with instructions to the trial court to modify its judgment in order to avoid the imposition of double punishment. As we noted in *Elmore v. State* (1978), 176 Ind.App. 306, 375 N.E.2d 660, the rule in *Candler v. State* (1977), 266 Ind. 440, 363 N.E.2d 1233, 1243, requires that:

" '[B]efore the court may enter judgment and impose sentence upon multiple counts, the facts giving rise to the various offenses must be independently supportable, separate and distinct.' *Thompson v. State* (1972) 259 Ind. 487 [592], 290 N.E.2d 724, 727; *Hudson v. State* (1976), [265] Ind. [302], 354 N.E.2d 164, 170."

Here, the breaking and entering with intent to do an act of violence to a human being and the subsequent batteries on Henderson and Blake were one event, not separate and distinct offenses.[1] The latter crimes thus "merged into the burglary as the offense for which the greater penalty is provided." See, *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171, 1172.

We therefore affirm the judgment on Count I but remand the cause to the trial court for vacation of the judgments on Counts II and III.

Buchanan, C.J., concurring in part and dissenting in part, with opinion. Garrard, P.J., (participating by designation) concurring with opinion.

## CONCURRING IN PART AND DISSENTING IN PART

BUCHANAN, C.J.—I concur in the conclusion that the evidence sustains conviction for First Degree Burglary.

---

1. In reaching its decision the trial court, the trier of fact, specifically found that Davis broke through the door with the intent of forcing Henderson and Blake to reveal Bray's whereabouts.

I dissent from the conclusion that Counts 2 and 3 (Assault and Battery with Intent to Kill) are merged into Burglary for the reasons stated in my separate opinion in *Elmore v. State*, (1978), 176 Ind.App. 306, 375 N.E.2d 660.

## CONCURRING OPINION

GARRARD, P.J.—I agree the evidence sustains the conviction for first degree burglary.

I additionally agree that *Sansom v. State* (1977), 267 Ind. 33, 366 N.E.2d 1171 stands for the proposition that in Indiana sentence may not be imposed for both burglary and the felony which the burglary was intended to accomplish.[1] *Compare, State v. Warner* (1860), 14 Ind. 572.

However, I feel constrained to state that in my view this result is not compelled by the double jeopardy clause nor any other provision of the state or federal constitution. *See, e.g., Blockburger v. United States* (1932), 284 U.S. 299; *Coleman v. State* (1975), 264 Ind. 64, 339 N.E.2d 51. The mere intent to commit a felony, which exists as the relevant element of burglary, is constitutionally separate and distinct from the subsequent commission of acts constituting that intended felony.

Accordingly, I concur.

NOTE—Reported at 376 N.E.2d 545.