Junior G. RHOTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 984S351.

Supreme Court of Indiana.

Oct. 2, 1985.

James O. Anderson, Jr., Lapel, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Burglary, a Class B felony. The court imposed a sixteen (16) year sentence.

The facts are: Appellant Rhoton, Leon Dennis and James Sartain planned to burglarize the home of Leo Judy on the morning of January 22, 1982. Prior to arriving at the home, they ascertained the home was vacant by placing a series of telephone calls to the home. Dennis drove appellant and Sartain to the home and waited while the pair entered. Appellant used a crowbar to pry open the front door.

While Sartain stood watch, appellant searched the home and placed several items of jewelry in a pillow case. They then fled to the home of Dennis. There appellant and his girlfriend sorted through the items. Shortly thereafter appellant sold several of the items, including two jewelry boxes, to a Mr. and Mrs. King. The jewelry and the jewelry boxes were recovered from the King home.

Appellant contends the verdict was not supported by sufficient evidence. Sartain, appellant's girlfriend and the Kings testified to the facts presented above. Appellant argues the testimony was marred by conflicts and uncertainty as to the date of the incident and the identity of the items taken. The State concedes there are minor discrepancies in the testimony.

This Court does not reweigh the evidence or judge the credibility of witnesses. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781. In essence appellant asks this Court to reweigh the evidence and to reach a conclusion contrary to that of the jury. We decline. The jury was aware of the inconsist-

encies and rendered their verdict in spite of them. The evidence presented does support the conviction. We find no error.

Appellant maintains the trial court erred when it permitted Officer Hanna to offer what is alleged to be cumulative and hearsay testimony. After an initial investigation disclosed no leads, the Judy burglary was placed in the status of a suspended case. Nearly a year later, James Farthing told Officer Hanna that Debra Williams, appellant's girlfriend, might have information concerning the Judy burglary. After speaking with Williams on several occasions the case was placed in the active file and the investigation resumed. Officer Hanna testified as to the statements made by Farthing.

In the course of explaining his investigation, Officer Hanna also testified concerning other events which were the subject of extensive testimony by Sartain, Williams and the Kings. Appellant argues that the testimony of Officer Hanna concerning the conversation with Farthing was hearsay. Further, he contends the testimony which related to later testimony of other witnesses was cumulative, prejudicial and represented an abuse of discretion.

The testimony of a police officer regarding statements made to him is admissible when it is offered to show the receipt of the information or to explain subsequent police actions. *Head v. State* (1982), Ind., 443 N.E.2d 44; *Muday v. State* (1983), Ind.App., 455 N.E.2d 984. The clear purpose of the testimony was to explain why the police contacted Williams and resumed an active investigation of the incident.

Appellant contends the trial court erred when it permitted the introduction of certain items of physical evidence allegedly without establishing a proper chain of custody. The items consisted of the jewelry and the jewelry boxes recovered from the King home. A police officer testified the exhibits were the items recovered from the King home. The officers indicated the items were retained by the police until the

trial of Dennis. The items were identified by both the King and Judy families. This was a more than ample showing to establish the admissibility of items which are not fungible in character. *Green v. State* (1984), Ind., 461 N.E.2d 108.

Appellant's next two issues concern an attempt by the State to rebut appellant's alibi defense. In his case-in-chief, appellant offered testimony which indicated he was in Tennessee from the middle of January, 1982, until late February of that year. The State countered with the testimony of a handwriting expert who compared known samples of appellant's signature to that appearing on an Anderson motel registration which was signed on January 26.

The State offered three known samples of appellant's signature: a fingerprint card; a motion to dismiss signed by him; and 104 commissary request forms signed by appellant when he wished to buy items from the Madison County Jail Commissary. The expert testified there were numerous significant similarities between the motel signature and the known samples, and that there was a strong reason to believe the questioned signature was written by the same person who authored the known samples.

◼ Appellant contends the trial court erred when it admitted State's Exhibit 21 consisting of the 104 commissary request forms. He argues the State failed to establish the proper foundation to admit this exhibit under the business records exception to the hearsay rule. Appellant did object to the admission of this exhibit but he did not object to the admission of the other two known samples of his signature. Any error in the admission of State's Exhibit 21 was rendered harmless by the failure to object to other evidence having the same probative value. *Moody v. State* (1983), Ind., 448 N.E.2d 660; *Funk v. State* (1981), Ind., 427 N.E.2d 1081.

Appellant next contends the trial court erred by failing to grant his motion for a continuance to permit proper discovery prior to the handwriting expert's rebuttal testimony. The parties had engaged in the customary discovery procedures, including an exchange of witness lists. The expert's name was not on the list. Appellant was informed two weeks prior to trial of the State's intention to use the motel registration form. Appellant and the State both obtained copies of the expert's written report shortly before she took the stand. The trial court stated:

"I think given that the defendant did know that Miss Runyan would be the State's expert last week, that we were not in trial on Monday, that there was a recess at about 11:45 as I recall, just before lunch we recessed and now it is ten minutes till two, the defendant has at least had some opportunity to review the written report and discuss the matter with Miss Runyan. I think that is all that fairness requires under the circumstances. I'm going to deny the request for continuance."

Appellant contends he was denied an opportunity to effectively cross-exam the witness as a result of the court's ruling. He argues that if the continuance had been granted he would have had time to thoroughly examine the expert's findings and to engage his own handwriting expert to rebut Miss Runyan's testimony.

◼ A motion for a continuance, based upon non-statutory grounds, is addressed to the sound discretion of the trial court and a denial of the motion will be set aside only where an abuse of that discretion can be shown. *Crabtree v. State* (1984), Ind., 470 N.E.2d 725. We find no abuse of discretion under the facts of this case.

Appellant next contends the court erred when it gave the following final instruction over his objection:

"Possession of recently stolen property is substantial evidence of participation in the unlawful taking of the property.

"Possession of property shown to have been stolen shortly after the theft raises the presumption that the possessor is the thief."

He argues that to instruct the jury that a presumption of guilt may be raised from a

single fact extracted from the entirety of the evidence curtails the jury's responsibility to derive its own presumptions from all of the evidence. Appellant cites *Gann v. State* (1971), 256 Ind. 429, 269 N.E.2d 381 where this Court approved a jury instruction which in part stated:

' "The unexplained, exclusive possession of a defendant of recently stolen property is a circumstance which may be considered, along with the other facts and circumstances of the case, in determining the guilt or innocence of the accused. However, *the mere possession of stolen goods, standing alone, is insufficient to support a conviction,* and the defendant cannot be convicted on the basis of evidence of mere possession of stolen goods alone. (Emphasis added.) *Id.* at 433, 269 N.E.2d at 383.

In *Ward v. State* (1982), Ind., 439 N.E.2d 156, this Court, by implication, modified *Gann* by holding that the unexplained exclusive possession of recently stolen property, standing alone, is sufficient on appeal to sustain a conviction. However, neither *Ward* nor any subsequent case had disavowed the latter portion of the *Gann* instruction which provided:

"If you should find from the evidence, beyond a reasonable doubt, that a burglary was in fact committed on the premises involved in the case, and that within a short period of time thereafter the defendant himself or with others was found in the unexplained, exclusive possession of property identified by the evidence as that stolen from the burglarized premises, you may consider such circumstance in arriving at your verdict in this case. *However, no presumption of guilt of burglary is made or arises against a defendant merely by reason of his exclusive possession of goods which have been unlawfully and burglariously taken within a short period of time beforehand,* if such be the case. Proof of the commission of the offense must be made beyond a reasonable doubt by the State, and the defendant has no burden to account for or explain for his possession of the goods, but the burden of proving his guilt beyond a reasonable doubt rests entirely upon the State, and you would not be warranted in finding the defendant guilty unless all of the elements of the offense charged have been proved by the evidence, of whatever class it may be, beyond a reasonable doubt." ' *Gann, supra,* 256 Ind. at 433, 269 N.E.2d at 383.

Additionally, we cite with approval the admonition of Judge Shields in *Hughes v. State* (1983), Ind.App., 446 N.E.2d 1017 where she stated:

' "The question on appeal of the permissible factual inference of guilt of theft from the unexplained exclusive possession of recently stolen property as support for a conviction must be distinguished from the question of the propriety of instructing the jury as to the existence of or weight to be accorded the inference. (Citations omitted.) Our cases have held an instruction regarding the availability of weight to be accorded the inference would invade the 'jury's exclusive province to determine both the law and facts in a criminal case and to determine the guilt or innocence of the accused from a consideration of all the facts and circumstances.' *Thomas v. State,* [ (1981) Ind.App.,] 423 N.E.2d [682] at 691 (citing *Dedrick v. State,* (1936) 210 Ind. 259, 2 N.E.2d 409). *See also Underwood v. State,* (1977) 174 Ind. App. 199, 367 N.E.2d 4, *modified in part by Sansom v. State* [ (1977) 267 Ind. 33, 366 N.E.2d 1171]." ' *Id.* at 1020.

The instruction was incorrect in its second sentence; however, error in a particular instruction will not justify reversal unless the error is of such a nature that the whole charge of which it is a part misleads the jury as to the law of the case. *Shields v. State* (1983), Ind.App., 456 N.E.2d 1033. A review of the other instruction concerning the burden of proof and the presumption of innocence reveals that the instructions, taken as a whole, would not have misled the jury.

Lastly, appellant contends the sixteen (16) year sentence, which was imposed consecutively to that imposed in another case, was manifestly unreasonable. Appellant cites his past work and family background, his cooperation with the police and the recommendation of the presentence report as factors which should act to mitigate the sentence.

■ It is within the trial court's discretion to determine the weight to be given to aggravating and mitigating factors in determining whether to increase or decrease the presumptive sentence. *Lang v. State* (1984), Ind., 461 N.E.2d 1110. The finding of mitigating factors is, however, at the discretion of the trial court. *Mahaffey v. State* (1984), Ind., 459 N.E.2d 380. The record reveals the court did review the presentence report and did hear appellant's testimony as to his work and family background. The court was also informed that appellant had admitted his involvement in some thirty burglaries in the Anderson area. The court viewed this information as an aggravating factor rather than mitigating, based upon his cooperation with the local police agencies. We find the sentence imposed was not manifestly unreasonable and that the trial court did not err in imposing the sentence.

The trial court is in all things affirmed.

PIVARNIK and SHEPARD, JJ., concur.

DeBRULER, J., concurs in result.

PRENTICE, J., dissents without opinion.